TUFTS vs. CHEATHAM.

1. Where notes were given for a fount and apparatus for the manufacture of soda-water, the title being retained by the vendor until payment should be made, and with the right in him, in case of non-payment of any note at maturity, to retake immediate possession of the apparatus and remove the same, if, upon a trial of the fount and apparatus by the vendee, they did not come up to the representations and covenants of the vendor, as to their quality and condition, and proved worthless, the vendee had a right to rescind the contract without the consent of the vendor, he being able to restore the vendor to the condition in which he was before the contract was made. Code, §2860.
2. The evidence being conflicting, there was no abuse of discretion in refusing a new trial, and this court will not interfere
Judgment affirmed.

November 17, 1885.

HALL, Justice.

[Suit was brought by Tufts against Cheatham on certain promissory notes. These had been given for the purchase price of a fount and apparatus for the manufacture of soda-water. By the terms of these notes, the plaintiff retained title to the property until they were paid, and reserved the right, in case either of them was not paid at maturity, to enter, without process of law, and retake possession of and remove the apparatus. The defence set up was that the apparatus had entirely failed to answer the purpose for which it was purchased, and to come up to the representations made and covenants entered into by the plaintiff as to its quality and condition; that twice it had exploded. once with a pressure of less than 150 pounds, again with less than 100 pounds, although represented as having been tested at 300 pounds to the square inch; that in consequence of its defective construction, it had become worthless; that the defendant had offered to return it and to rescind the contract, and was entitled to have of the plaintiff the money he had paid and the cost of transportation, amounting to about $50, which he proposed to recoup and

set off as the damage he had sustained. Upon most of these issues the testimony was conflicting, and the jury returned a verdict for the defendant for $50. The plaintiff moved for a new trial, on the ground that the verdict was contrary to law and evidence, and on its refusal, excepted.]