## 15620.   RIVERSIDE ACADEMY v. URIGH.

1. Irrespective of whether the grounds of demurrer as to the items of expense alleged in the petition were properly pleaded and meritorious, the overruling of such grounds was harmless to the defendant, in view of the amount of the verdict, which did not include these items.
2. The principle that "where a party gives a reason for his conduct and decision touching anything involved in a controversy, he can not, after litigation has begun, change his ground and put his conduct upon another and different consideration," was not applicable in this case, and the court did not err in refusing to give it in charge to the jury.
3. Inaccuracy of the charge of the court in referring to the action as a suit "for a breach of the contract," when it was in the nature of an action of assumpsit for money had and received, could not reasonably have been prejudicial to the defendant, the court having correctly stated the essential averments and contentions of the parties as set forth in their respective pleadings, with the law applicable to the case thus made.
4. Failure to add to the charge complained of a certain qualification not requested was not error.
5. The evidence authorized a finding that (on account of the failure of the defendant to complete the new dormitory of its school as soon as it had expected to do so) the accommodations furnished to the plaintiff's son, in certain particulars, were not as stated and relied upon under the defendant's catalogue; and therefore the jury were authorized to find the verdict rendered for the amount advanced to the defendant for the books and uniform returned to it, and for tuition and board, less an amount for tuition and board for the period of the son's attendance at the school.
6. The defendant can not complain that the amount of the verdict was less than the full amount paid to it by the plaintiff.

DECIDED FEBRUARY 12, 1925.

Complaint; from city court of Hall county—Judge Sloan. March 29, 1924.

The petition of Urigh against Riverside Academy alleges that, acting upon certain statements by the defendant school in its catalogue with reference to accommodations for pupils, the plaintiff entered his son on October 11, 1920, for the remainder of the fall term ending December 18, 1920, and that upon finding that such accommodations were not as stated, he withdrew his son from school on October 19, 1920. Recovery was sought of $256, the amount advanced to the defendant for tuition and board, $83.75 for uniform, including overcoat, and books, and $40.25 additional advance payment, making a total of $380; and also, as expenses incurred in carrying out the contract, $50 paid for the railroad fare of his son in going to the school and returning home, and $50 paid "for supplies of linen, blankets, etc., which each pupil had

to bring with him." While the averment is made, in connection with the latter two items, that "this sum was a loss to plaintiff by reason of the aforesaid breach of its contract by defendant," the allegations in connection with the remaining items are appropriate to an action for the recovery of money paid, treating the contract as rescinded, it being set forth that the plaintiff returned, "as soon as his son could reach home, . . . the uniform and books which defendant had furnished him, in first-class condition, and defendant has the same," and that said items represent money "for which he has received no consideration, and which defendant can not in equity and good conscience retain." The defendant demurred generally, and demurred specially to the two $50 items for expenses, upon the ground that "said items are not legal charges against this defendant for which there could be any recovery in this suit." There was, however, no ground of demurrer that such expense items are inconsistent with the damages sought in the recovery of the purchase price of the scholarship, and could not be pleaded in the same action. The jury found for the plaintiff $359, and allowed neither of the items claimed for expenses, since it is manifest that they allowed the first three contractual amounts sued for, less the amount represented by the board and tuition for the son while actually in attendance upon the school. Exceptions pendente lite to the overruling of the demurrers were preserved by the defendant. Exception was taken also to the overruling of the defendant's motion for a new trial, based upon the general grounds, and to certain instructions to the jury and the refusal of certain requests to charge.

*Johnson & Adderholdt,* for plaintiff in error.

*J. O. Adams, Howard Thompson,* contra.

JENKINS, P. J. (After stating the foregoing facts.) 1. "If one of two contracting parties claims that the other has committed a breach of the contract, he can not in the same action both treat the contract as rescinded and sue for the amount paid by him to the other party, and at the same time rely on the contract as existing. The allegations of the declaration make it a suit for the amount paid to the defendant by the plaintiff, treating the contract as rescinded. In addition the plaintiff sought to recover certain damages resulting from a breach of the contract, treating it as of force. The latter claim should have been stricken on demurrer as

inconsistent with the former." *Timmerman* v. *Stanley,* 123 *Ga.* 850 (2, 3), 853 (51 S. E. 760, 1 L. R. A. (N. S.) 379). As stated in that case, the ground of demurrer was that the expense items "are inconsistent with the damages laid in the paragraph seeking to recover the purchase-price of the scholarships, and can not be joined in the same action;" the demurrer was not "for misjoinder of causes of action, so as to put the defendant upon his election, but was for inconsistency in joining certain claims with another, which had first been made and which it was claimed determined the character of the action." In the instant case there was no ground of demurrer for either misjoinder or inconsistency in joining claims. The jury, however, found for the plaintiff $359, and allowed neither of the items claimed for expenses. Thus, irrespective of whether or not the attack of the demurrers upon these items was properly made and was meritorious, the overruling of such grounds of demurrer, as well as the court's refusal to charge that the plaintiff could not recover these items, was in any event harmless to the defendant.

2. While it is true that, "where a party gives a reason for his conduct and decision touching anything involved in a controversy, he can not, after litigation has begun, change his ground and put his conduct upon another and different consideration" (*Fenn* v. *Ware,* 100 *Ga.* 563, 566, 28 S. E. 238; *Cowdery* v. *Greenlee,* 126 *Ga.* 786, 789, 55 S. E. 918, 8 L. R. A. (N. S.) 137; *Tuggle* v. *Green,* 150 *Ga.* 361 (2), 370, 104 S. E. 85; *Frank & Meyer Neckwear Co.* v. *White,* 29 *Ga. App.* 694 (3), 695, 116 S. E. 855), still, as was held by this court in *Union Brokerage Co.* v. *Beall,* 30 *Ga. App.* 748 (1) (119 S. E. 533), this rule "is but an application of the principle of estoppel in pais, and applies only where his conduct has caused another to act respecting the matter to the injury and detriment of the latter, and where the latter would be placed at an inequitable disadvantage should the former be allowed to rely upon a ground other than that urged as a reason for his conduct and decision in the matter;" and consequently the principle has no application in the instant case so as to limit the plaintiff's reasons for removing his son from the school to homesickness, merely because the son's mother, on October 15, before he had left the school and before either she or the plaintiff was shown to have been apprised of any actual conditions, wrote to the school, "I am

afraid he is somewhat homesick, or some one has given him a very wrong impression since he has been up there." Nor would the fact that the boy went home on a telegram addressed to him, and not to the defendant, saying that she was herself sick, limit such reasons to the sickness of the mother, where the plaintiff, after the boy's return, advised the defendant that he had withdrawn the boy for certain other reasons assigned. There was no error, under the evidence, in refusing to charge in effect .the principle stated. Moreover, it appears, under certain evidence, that the boy himself before leaving school, and the mother after his return home, complained of the crowded rooming arrangements, on account of which the plaintiff claims he was justified in rescinding the contract.

3. The language of the court in referring to the action as "a suit brought by the plaintiff to recover for a breach of the contract," and in charging that, "if you believe from the evidence there was a breach of the contract by" the defendant, "the plaintiff would be entitled to recover such damages as he may have. sustained by reason of that breach," while inapt in thus referring to what was in the nature of an action of assumpsit for the recovery of money had and received, could not reasonably have been prejudicial to the defendant, where the court correctly stated the essential averments and contentions of the parties with reference to the action, as set forth in their respective pleadings, with the law applicable to the case thus made. Nonperformance by a party of his covenants is a statutory ground of rescission (Civil Code of 1910, § 4306), and was the basis here relied upon. Such "nonperformance" by the defendant, while not technically a "breach of contract" where the contract was for that reason and before performance rescinded by the defendant, in popular understanding was so similar to such a "breach" that the jury could not have been injuriously affected by such expressions.

4. Nor was the charge quoted or a like instruction complained of erroneous for the further reason assigned, that they were not qualified by the exception that such a breach should not have been "occasioned by the conduct, fault, or negligence of the plaintiff, or whether plaintiff by his conduct occasioned said breach, or whether

plaintiff afforded defendant any opportunity of complying with said contract after plaintiff complained of said alleged breach." Even if such an exception were warranted by the evidence, and were an accurate statement of legal principles, such a qualification was not required in the absence of a written request to give it in charge.

5. The defendant in its catalogue, relied upon by the plaintiff and his son under their evidence, had stated that there would be "comfortable quarters," and that "each cadet has a single iron bed, . . half of a large, polished oak table, three drawers of a chiffonier, and half of a large closet." While other contentions of the plaintiff with reference to crowded accommodations at the school, such as requiring the plaintiff's son to be in a room with three other boys, or in reference to lavatories and baths, were not sustained by any evidence showing anything contrary to what was stated in the catalogue under the price paid by the plaintiff, the jury were authorized from the evidence for the plaintiff to find that (on account of the failure of the defendant to complete its new dormitory as soon as it had anticipated) the accommodations furnished to the plaintiff's son, with reference to bed, table for books and study, drawers of chiffonier, and closet for clothing, were not as stated and relied upon under the catalogue, and therefore they were authorized to return the verdict rendered.

6. The defendant can not complain that the amount of the verdict was less than the full amount paid in by the plaintiff, it appearing that the jury of their own motion deducted from this sum an amount for board and tuition covering the week or ten days which the plaintiff's son had spent at the school.

*Judgment affirmed. Stephens and Bell, JJ., concur.*