### MOORE v. DEAL.

HEAD, Justice. T. M. Deal filed a petition in the Superior Court of Fulton County against J. M. Moore. In an order overruling the general demurrers to the petition, the trial court stated in part as follows: "The court construes this petition as one seeking to cover damages by reason of an alleged breach of a contract to form a partnership, and not as a suit seeking an accounting by reason of matters growing out of a partnership relation." On examination of the petition, it appears that the trial judge correctly stated the nature of the action. The case of *Lane* v. *Lodge*, 139 *Ga.* 93 (76 S. E. 874), relied upon by the plaintiff in error to support his contention that this court has jurisdiction, is not in point on its facts. In the *Lane* case, the petition contained prayers for injunction and other equitable relief. In this case, the petition does not contain any prayer for injunction, receiver, or any other equitable relief. If the prayers of the petition can properly be construed as praying for an accounting, the accounting sought is not mutual or complicated, and no fiduciary relation between the parties is alleged. Properly construed, the petition seeks to make an action at law for damages for an alleged breach of contract to form a partnership, and under the rulings of this

court in *Burress* v. *Montgomery*, 148 *Ga.* 548 (97 S. E. 538), the Court of Appeals has jurisdiction. It is ordered that this case be
*Transferred to the Court of Appeals. All the Justices concur.*

No. 15827. JUNE 12, 1947.

R. B. *Pullen,* for plaintiff in error.
*William B. Spann Jr.,* and *Alston, Foster, Sibley & Miller,* contra.