31704. MOORE *v.* DEAL.

DECIDED SEPTEMBER 26, 1947. REHEARING DENIED OCTOBER 24, 1947.

*R. B. Pullen,* for plaintiff in error.

*Alston, Foster, Sibley & Miller, William B. Spann Jr.,* contra.

FELTON, J. The transfer of this case to this court eliminates the consideration of the demurrers directed at the petition as an equitable one involving an accounting between members of a partnership, and similar questions involved only in an equitable proceeding.

■ The demurrer based on the ground that Raymond Clark was not made a party is without merit for the reason that the action is not against him and no judgment is sought against him. The action is not based on a contract alleged to have been made with the defendant and Raymond Clark. The effect of the allegations with reference to Clark is that the defendant agreed that Clark would become a partner. The allegations as to the defendant's breach do not involve the refusal of Clark to become a partner. If he had refused it would have been a breach of the

defendant's agreement that he would become a partner. The petition does not show that Clark was a party to the alleged agreement nor that Clark refused to join the partnership. The allegations allege a breach of the agreement before the time when Clark could have become a partner or before the question whether he would become one became a factor in the negotiations and dealings between the parties. The question of Clark's refusal to become a partner is irrelevant under the facts alleged.

■ One ground of demurrer is that the alleged contract is entire and not severable and that the petition shows non-performance on the part of the plaintiff. The petition, in effect, alleges that the plaintiff had substantially but not fully performed his part of the alleged contract, but that he was prevented from completing it by the wrongful acts of the defendant. This amounts to an anticipatory breach of the alleged contract, and the petition sufficiently shows the acceptance of the anticipatory breach to entitle the plaintiff to his full damages sustained by proof. *Mendel* v. *Converse & Co.*, 30 *Ga. App.* 549 (118 S. E. 586), and cases cited. Tender of performance is not necessary when under the facts alleged it would have been futile. *Carolina Portland Cement Co.* v. *Columbia Improvement Co.*, 3 *Ga. App.* 483 (60 S. E. 279); *Southern Upholstering Co.* v. *Lieberman*, 27 *Ga. App.* 703 (109 S. E. 509). The action was not brought prematurely. *Shell Petroleum Corp.* v. *Jackson*, 47 *Ga. App.* 667 (171 S. E. 171).

■ Another ground of demurrer is that the alleged agreement sought to create an interest in real estate and that the agreement was oral and within the statute of frauds. While there was no accurate description in the contract the petition alleges facts which show that the description could be made certain by performance of the contract. Since this is not a suit for specific performance of the contract a detailed description of the property is not absolutely necessary, and not required by a general demurrer.

■ While it is true that "any contract for the sale of lands, or any interest in, or concerning them" (Code, § 20-401 (4)), must be in writing, etc., it is also true that the rule does not extend to a case "where there has been such part performance of the contract as would render it a fraud of the party refusing to comply, if the court did not compel a performance." Code, § 20-402 (3). We think that the petition brings this case within the exception stated

and that if the allegations of the petition are true it would be a fraud on the plaintiff if the defendant is not compelled to answer in damages.

It is contended by the defendant that the contract is not taken out of the statute of frauds for the reason that the plaintiff was not in possession of the property. As we understand the law, this rule applies to cases in equity for specific performance or damages in lieu thereof, and not to actions at law for damages for breach of contract. Code, § 37-802, applies only to actions for specific performance or damages in lieu thereof, in equity. In law cases, Code, § 20-402 (3), would seem to control. See *McLeod* v. *Hendry*, 126 *Ga.* 167 (54 S. E. 949); *Woodall* v. *Williams*, 176 *Ga.* 343 (167 S. E. 886).

5. The contention that the petition shows on its face that the contract to form a partnership was without consideration because, as contended, it alleged that the plaintiff agreed to work for the defendant during the time covered by the agreement to form a partnership at $350 per month is without merit. If the petition is construed to mean that the plaintiff received $350 per month salary during said time, he was not employed for any specific time, and if he continued to receive the $350 per month, if the agreement to form a partnership was made as alleged, and nothing was said about the salary, and if the plaintiff engaged upon the undertakings of the agreement to form the partnership, and the defendant continued to pay him the salary and acquiesce in his efforts to perform the alleged agreement to form a partnership, the law would imply that the agreement contemplated the payment of the salary as a consideration for the agreement in addition to the other terms which were expressed. The following cases cited by the defendant are not applicable. *Davis & Co.* v. *Morgan*, 117 *Ga.* 504 (43 S. E. 732, 61 L. R. A. 148, 97 Am. St. 171); *Willingham Sash & Door Co.* v. *Drew*, 117 *Ga.* 850 (45 S. E. 237); *Hall* v. *Edwards*, 140 *Ga.* 765 (79 S. E. 852).

■ The contention that the petition does not allege that the plaintiff accepted the offer of the defendant is without merit. The petition alleges that the agreement was made between the parties, what the agreement was, and that the plaintiff acted on it.

■ The allegations of the petition did not fail to allege a con-

tract to form a partnership for the reason, as contended, that the plaintiff contributed no money, property, services, or other thing of value, or because the agreement makes no provision for liabilities for participation in the losses of the partnership. The allegations are that upon the completion of the building the plaintiff should have a one-quarter interest in the entire abattoir business of the defendant, including a one-quarter interest in all buildings, properties and appurtenances to the abattoir business and a one-quarter interest in the profits. The plaintiff was to receive such interest in consideration of his time and effort in constructing the buildings and they were to be in effect his contribution to the partnership assets and he was in addition to render personal service to the partnership after it was formed. An agreement to form a partnership is alleged, and in the absence of an express agreement as to sharing of losses the law implies that the losses will be shared. *Nellis & Co.* v. *Green & Stallworth,* 36 *Ga. App.* 684 (137 S. E. 843), and cases cited.

No ruling is made on the question of the measure of damages as there was no ruling in the trial court on anything but the general demurrers.

The court did not err in overruling the general demurrer.

*Judgment affirmed. Sutton, C. J., and Parker, J., concur.*