37647.   HENRY *v.* MOSS.

DECIDED MAY 27, 1959.

624

*J. Walter LeCraw,* for plaintiff in error.

*McFarland & Cooper,* contra.

TOWNSEND, Judge. The sole arguments of the plaintiff in error in support of his position that the general demurrer to the petition should have been sustained are: (1) the agreement in question was a partnership agreement which was entirely speculative in character, (2) the petition does not affirmatively allege that the business will not come into existence at some future time, and (3) the plaintiff has no right to compensation under the agreement except after the business comes into existence and makes profits from which he may be paid, since the plaintiff, under his own allegations, agreed to look to the profits of the business for the remuneration of his services.

As to the first contention, while the plaintiff in error does not specifically charge that an action such as this cannot be maintained between partners, he does contend that the agreement is a partnership agreement, which would raise the question, on consideration of the general demurrer, of whether this is such an action between partners as may be maintained at law. It is alleged that the plaintiff and the defendant agreed that the defendant would do certain work on the plaintiff's premises to transform the building into one suitable for restaurant operation; that the defendant would pay for the materials, that the defendant would also pay the plaintiff for the value of his work, labor and

services at the prevailing wage rate, "such payment to be made from profits of the restaurant business, and that Moss [the plaintiff] would then also receive as payment a half interest in the restaurant business." This is a contract of employment, and is at most, a contract to form a future partnership, for a breach of which one of the contracting parties may sue the other in an action at law. See *Moore* v. *Deal*, 202 *Ga.* 356 (43 S. E. 2d 151); s. c., 75 *Ga. App.* 823 (44 S. E. 2d 571).

Secondly, it is contended that the petition does not allege facts sufficient to show that the defendant will not keep his agreement and the partnership come into existence in the future, for which reason this cause of action would be premature. The petition alleges that "Moss was prevented from doing any of the work to complete the preparation for the restaurant by reason of the following facts: On or about January 24, 1958, Henry repudiated that agreement by stating to Moss that he, Henry, could not complete the work in preparation for the restaurant; accordingly it remained incomplete," and also that "Henry repudiated that agreement, refused to go in the restaurant business there, and refused to buy the equipment for the restaurant." The petition thus sufficiently alleges a refusal on the part of the defendant to perform this contract so as to bring into existence the restaurant business which was its subject matter.

Thirdly, as to the contention that the plaintiff can recover nothing from the defendant unless and until there is a restaurant business and there are profits on hand resulting from such business, Moss might have sued in damages for a breach of this contract by reason of the defendant's refusal to complete or allow the completion of the preparation of the building for a restaurant business, but in such case of course he would be faced with the insurmountable difficulty of proving the profits of a nonexistent business. Where a contract of employment has been breached by the employer after the employee has performed services, the employee is not limited to such action, but has an election either to sue for the damages resulting from the breach of contract or to sue on a quantum meruit basis for the work performed. *Beck* v. *Thompson & Taylor Spice Co.*, 108 *Ga.* 242 (1) (33 S. E. 894). One cannot receive and retain the benefit of another's work and

labor without paying him the reasonable value thereof (*Douglas v. Rogers*, 10 *Ga. App.* 486 (2), 73 S. E. 700). The election of remedies is based on the proposition that where one party, by repudiating an agreement which is executory on his part after performance on the part of the other contracting party, breaches the contract by refusing to proceed therewith, the injured party has a right to treat the contract as being in effect and sue for the damages resulting from the breach, or to rescind and recover the consideration advanced by him or its value. As stated in *Marietta Pub. Co.* v. *Times Pub. Co.*, 26 *Ga. App.* 752, 755 (107 S. E. 270): "True, the general rule is that one of the parties to a contract can no more rescind the contract without the express or implied consent of the other parties than he could make it without the assent of such parties, and that rescission generally contemplates the mutual assent of all the parties to the rescission of the contract. But to this general rule there is an exception well recognized by the authorities, and this arises where one of the parties breaks his contract; and in such case the breach by one party may be treated by the other as an abandonment of the contract, authorizing the innocent party, if he chooses to do so, to disaffirm it." In such case the injured party may sue to recover what he has lost by reason of such breach, in this case the value of the labor and materials invested by him in the enterprise.

The petition set out a cause of action and the trial court did not err in overruling the general demurrer.

*Judgment affirmed. Carlisle, J., concurs. Gardner, P. J., concurs in the judgment.*