45389. CUTCLIFFE v. CHESNUT, Executor.

ARGUED JUNE 2, 1970—DECIDED JULY 16, 1970.

*Westmoreland, Hall & Bryan, John L. Westmoreland, Jr.,* for appellant.

*Gerstein & Carter, Joe W. Gerstein,* for appellee.

EBERHARDT, Judge. ■ The agent states in his brief that "At issue for determination on appeal is whether or not the death of a principal revokes the agency relationship retroactively so as to void acts carried out by the agent within the scope of his authority before the agency relationship terminated." In the alternative it is argued that the agency power to purchase the stock was coupled with an interest and therefore irrevocable. The executor does not contend, however, that the purchase of the stock was void because the agency power was revoked by the death of the principal, but complains of alleged defaults of the agent subsequent to the purchase. In essence the executor seeks to rescind the agency agreement and recover the money advanced because of the breach or nonperformance of duties imposed by that agreement,[1] particularly the failure to deliver the stock as contemplated by the agency agreement.

In view of the agent's insistence that the executor has no "cause of action" for the restitutionary remedy of return of the $25,000,

---

[1]"[W]e are dealing with restitution as a remedy for breach of contract; a judgment for such restitution is truly a remedy for a 'breach' as is a judgment for damages. It is true that the courts have often said, and a plaintiff has often alleged, that the contract has been 'rescinded' by the injured party because of the defendant's vital breach. Such a 'rescission' as this is essentially different from one that is based on mutual agreement, both in its operative facts and in its legal effects. Such a 'rescission' is merely an assertion by the injured party that the other has committed a vital breach, that he himself has been discharged from the duty of further performance, and that he asks for a restitutionary remedy. If he desires, he can make identically the same assertions and ask for 'damages' instead of restitution. Also, he may properly ask for damages or restitution in the alternative, leaving his final choice to be made at the actual trial of the case." 5 Corbin on Contracts 558, § 1104.

it becomes necessary to determine whether this remedy is available to a principal whose agent fails to follow instructions. The agency agreement mentions delivery in three instances, and we think it clear that this agreement created an agency for the specific purpose of purchase and delivery of the stock. No time is stated for the delivery; but whether, nothing appearing, it should have been delivered "upon receipt" or "within a reasonable time," a tender made some three years after the purchase, and only after demand for return of the purchase price, is obviously a breach or nonperformance of the obligation of delivery contained in the contract of agency. We so treat the case for purposes of determining the availability of the remedy, but postpone to Division 3 questions pertaining to the propriety of its employment under the record before us.

There is no doubt that where specific instructions are violated the agent is responsible *in damages* for any loss which results from the violation regardless of the degree of care exercised. See, e.g., *Benton v. Roberts,* 41 Ga. App. 189 (152 SE 141). "The effect of a failure to obey the principal's instructions will enable the principal to terminate the agency immediately without liability and render the agent liable *for any loss suffered* by the principal as a result of the violation." 1 E.G.L. 638, Agency, § 84. (Emphasis supplied). "The primary obligation of an agent or factor, whose authority is limited by instructions, is to adhere faithfully to those instructions; for if he unnecessarily exceed his commission, or risk his principal's effects without authority, he renders himself responsible to his principal for the consequences of his act; and if loss ensue, it furnishes no defense to him, that he intended the benefit of his principal." *Hardeman & Hamilton v. Ford,* 12 Ga. 205 (1), holding that where the agent shipped cotton to New York for sale in violation of instructions to ship to Savannah and the price of cotton fluctuated in the meantime, the question whether the agents retained the cotton for an unreasonable length of time was properly submitted to the jury and the loss was that of the agent. *Code* § 4-202 provides that "The agent shall act within the authority granted to him, reasonably interpreted; if he shall exceed or violate his instructions, he does it at his own risk, the principal having the privilege of affirming or dissenting, as his

interest may dictate." It is unclear, however, whether recission is an available remedy where the principal "dissents."

In resolving this question it is important to note that violation or nonperformance of instructions may be considered as a breach of two obligations—the consensual obligation set forth in the contract of agency itself, and the fiduciary obligation of obedience to the principal's instructions raised by the agency relationship. "Agency is both a consensual and a fiduciary relation. Normally it is the result of a contract between the parties. Where this is true, the agent's duties include the performance of any contractual obligations; failure to perform these, if without excuse, is a breach of contract. Thus, in determining the existence and extent of the agent's duties to the principal, the normal rules of contractual obligations come into play with reference to . . . the effect of a breach by one party or the other . . . and all the other rules which make up the subject known as contracts." Restatement, Agency 2d, p. 171, introductory note preceding § 376. And in Restatement, Agency 2d, p. 235, § 400, it is stated that liability for an agent's breach of contract with his principal is governed by the law of contracts. In accordance with this section are cases such as *Benton v. Roberts*, 41 Ga. App. 189, supra, *Render & Hammett v. Hartford Fire Ins. Co.*, 33 Ga. App. 716 (4b) (127 SE 902), *Bell v. Fitz*, 84 Ga. App. 220 (66 SE2d 108), *Farmers & Merchants Bank v. Winfrey*, 89 Ga. App. 122 (78 SE2d 818), and *Consumers Fin. Corp. v. Lamb*, 217 Ga. 359 (122 SE2d 101), allowing recovery of damages in actions ex contractu for the breach of agency agreements.

Citing this section of the Restatement, then Circuit Judge, now Chief Justice Burger stated in Brown v. Coates, 253 F2d 36, 39 (C.A.D.C.): "Ordinarily, an agent who has violated a duty he owes his principal, is considered to have breached his contract, entitling the principal to contract remedies of rescission or damages." In accord is Anderson v. Badger, 84 Cal. App. 2d 736 (191 P2d 768). In that case Anderson paid $2,250 to Badger which the latter was to use to purchase a certain machine for Anderson. When it was discovered that the machine shipped did not meet the specifications contained in the contract between them, Anderson rescinded and recovered judgment for the $2,250 advanced. In affirming, the California court stated (p. 743): "[W]hen an agent has bound him-

self to accomplish a certain result for his principal, he must perform his agreement. There is no room for doubt as to the law once it is established that the agent has bound himself to do a specific thing. Elementary rules are found in the Restatement, Agency, as 'the existence and extent of the duties of the agent to the principal are determined by the terms of the agreement between the parties interpreted in the light of the circumstances under which it is made.' (Sec. 376.) 'A person who makes a contract with another to perform services as an agent for him is subject to a duty to act in accordance with his promise.' (Sec. 377.) 'Also the agent may warrant that his undertakings will be successful or that he will render service which, irrespective of the quality of its performance, will be satisfactory to the employer. In such cases there is a breach of contractual duty or a failure to perform a condition by the agent if he fails to accomplish what he agreed would be achieved.' (Sec. 379, com. a.) See, also, section 400: 'An agent who commits a breach of his contract with his principal is subject to liability to the principal in accordance with the principles stated in the Restatement of Contracts' and comments a and b with respect to the agent's liability: 'There are no rules which are peculiar to agency . . . thus if an agent employed to purchase goods from a third person for the principal, fails to purchase them, thereby breaking his contract with the principal the agent is subject to liability to the principal for the value of the contract which he should have obtained."

We conclude that rescission of an agency agreement is an available remedy to the principal for the agent's breach or nonperformance of contractual obligations imposed by that agreement, whenever and to whatever extent it is authorized by the law of contracts.

■ "The general rule is that a contract may be rescinded for substantial nonperformance or breach, and ordinarily a material breach warrants rescission." 17 AmJur2d, 981, Contracts, § 504. In this jurisdiction, "Nonperformance by a party of his covenants is a statutory ground of rescission [*Code* § 20-907] . . ." *Riverside Academy v. Urigh,* 33 Ga. App. 455, 458 (126 SE 900). "The right of one party to rescind a contract, for nonperformance by the other party of his obligations thereunder is not confined to covenants in

their strict legal sense, but extends to agreements other than such covenants." *Fletcher v. Fletcher,* 158 Ga. 899 (2) (124 SE 722). "Where money is paid on a contract which is executory on the part of him who receives the money, and the party so receiving fails to fulfill his part of the contract, the injured party may elect either to bring action on the contract and recover damages for nonperformance, or to consider the contract as rescinded and recover the money paid. This is especially true where the rescission of the contract and the recovery of the money paid would substantially restore both parties to the condition in which they were before the contract was made." *Marietta Pub. Co. v. Times Pub. Co.,* 26 Ga. App. 752 (107 SE 270). "The election of remedies is based on the proposition that where one party, by repudiating an agreement which is executory on his part after performance on the part of the other contracting party, breaches the contract by refusing to proceed therewith, the injured party has a right to treat the contract as being in effect and sue for the damages resulting from the breach, or to rescind and recover the consideration advanced by him or its value." *Henry v. Moss,* 99 Ga. App. 623, 626 (109 SE2d 313).

In *Marietta Pub. Co. v. Times Pub. Co.,* 26 Ga. App. 752, supra, county officials contracted with two newspapers to publish legal advertisements for four years, one newpaper to serve as the official organ for the first two years and the other for the last two. The newspaper serving at any given time was to collect the fees and pay to the other one-half of the sum collected. Plaintiff newspaper served for the first two years, collected the fees, and paid one-half to the defendant newspaper in accordance with the contract; the defendant, however, while serving during the last two years, failed to pay one-half of the fees to the plaintiff, and it brought suit to rescind the contract and require restitution of the sums paid to defendant during the first two years of the contract. Holding that the plaintiff had the election of rescinding the contract and seeking restitution, this court rejected the reasoning of the trial court that "the rescission applied to a part of the contract, and that the plaintiff did not have the right, under his allegations, to rescind the entire contract; that the allegations of the petition did not show that the defendant had repudiated the entire

contract, but showed that the defendant was performing that part of its contract which related to the performance of its duty as the official organ of the county, and had only breached the contract in not paying to the plaintiff its half of the fees collected for the printing of the official advertisements of the county, and that for the breach in this respect the plaintiff had an adequate remedy by suit for what was due it, but did not have the right to rescind the contract." A plaintiff's restitutionary remedy of recovering the consideration paid on the theory of rescission of the contract because of the defendant's breach or nonperformance has also been approved where accommodations for students were not as stated in the catalogue (*Riverside Academy v. Urigh.* 33 Ga. App. 455, supra); where defendant refused to fulfill his agreement to teach plaintiff in certain lines of instruction (*Timmerman v. Stanley,* 123 Ga. 850 (51 SE 760, 1 LRA (NS) 379)); where defendant benefit society reduced the amount of death benefits payable under certificates it had issued (*Supreme Council American Legion of Honor v. Jordan,* 117 Ga. 808 (45 SE 33)); where an insolvent defendant failed to perform his agreement, under an oral contract for the exchange of lands, to lift encumbrances from his tract (*Fletcher v. Fletcher,* 158 Ga. 899, supra); where property purchased was not up to representations or covenants (*Tufts v. Cheatham,* 75 Ga. 865); where defendant failed to deliver property in accordance with a sale agreement (*Raymond Rowe Furniture Co. v. Simms,* 84 Ga. App. 184 (65 SE2d 830); *John A. Pope Motor Co. v. Roberts,* 91 Ga. App. 828 (87 SE2d 233)).

■ While it appears that rescission and restitution is an available remedy for a material nonperformance or breach of contract, there are various rules governing the situations in which this remedy will be granted. See 5 Corbin on Contracts, 548-652, §§ 1102-1121; 17 AmJur2d 951-961, Contracts, §§ 482-489; 977-1007,§§ 501-520. The record in the case before us is too incomplete and inadequate to determine which of these rules may be applicable and whether a restitutionary judgment should have been summarily granted.[2] Although it is stated in the "Conclusion" part

---

[2]The trial court ruled that interest would run from October 2, 1966, the day after the principal's death. However, for recovery of the amount paid on the theory of rescission and restitution, interest runs from the time of payment to defendant. *Supreme Council American Legion of Honor v. Jordan,* 117 Ga. 808, supra.

of the executor's brief that the agent never informed the principal of the purchase of the stock; never requested instructions of him; never informed the executor of the existence of the agency, the receipt of the funds or the purchase of the stock, and voted the stock under these conditions in the executor's presence; and never, in short, attempted to report or account to the principal or the executor until after the latter discovered the existence of the agency agreement and demanded the return of the $25,000—none of these matters, as well as others mentioned in oral argument, are sufficiently supported by the record. Nor is there any evidentiary basis upon which matters such as the materiality of the breach can be considered. We must conclude that it was error to grant summary judgment for the executor. On the other hand, the agent has contented himself by showing merely that he tendered the stock on March 28, 1969, some three years after the purchase of property of presumably fluctuating value, and only after demand for return of the purchase price, with no explanation for the delay and for his acts of dominion over the stock. Hence we must conclude that his motion for summary judgment was properly denied.

*Judgment granting plaintiff's motion for summary judgment reversed; judgment denying defendant's motion affirmed. Jordan, P. J., and Pannell, J., concur.*