72219. SAYLES v. BROWN.
(344 SE2d 539)

BIRDSONG, Presiding Judge.
Summary Judgment — Interpretation of Contract. The facts giving rise to this appeal reflect the following evolution. For a number of years, Kathy Sayles had worked in various capacities at the Milton Inn, a travel motel. The motel passed through several ownership hands while Sayles was there employed. The last owner prior to this litigation was Tangarine Baughman. Early in 1985, Baughman approached Sayles and offered Sayles a partnership in the motel on very favorable terms. Evidence was offered that the motel during the winter doldrums was experiencing serious cash flow, and Baughman was having trouble maintaining the motel and paying recurrent bills. She allegedly had made several unsuccessful attempts to sell the motel. Baughman suggested to Sayles that she (Baughman) would sell 49% of the motel to Sayles for $50,000 payable in five equal installments of $10,000 commencing on January 1, 1986. The contract provided: "1. First Party shall sell to Second Party a forty-nine percent (49%) interest in said business and real estate on the following terms and conditions: (a) Second Party shall pay to seller the sum of fifty thousand

and no/100 dollars ($50,000.00), said sum shall be payable at the rate of ten thousand and no/100 dollars ($10,000.00) per year beginning January 1, 1985 [sic] and a like sum each year thereafter until paid in full. It is agreed and understood that the funds for such payments shall come from the net proceeds from operation of the business. (b) Each party shall receive fifty percent (50%) of the net profits from the business. . . .

"4. The interest in said business and real estate referred to in Paragraph 1 shall not vest in Second Party until the full consideration recited herein is paid and in the event this agreement is not fully consummated, through no fault of First Party, then the entire business and interest in real estate shall remain vested in First Party and Second Party shall have no claim against First Party, the business nor the real estate, provided however, First Party shall reimburse Second Party all payments made by Second Party plus pay to Second Party the sum of ten percent (10%) of such payments."

After the agreement was prepared and signed by both parties, Baughman on several occasions mentioned to other employees, salesmen and personal friends that she had entered into a partnership with Sayles. On those occasions that arose where decisions had to be made affecting the business, the decision was made jointly by Baughman and Sayles. On two separate occasions in 1985, Sayles advanced cash to Baughman to help the motel pay its current bills. These advances were considered as loan to the business but it was agreed that the $7,300 advanced would be credited to the first $10,000 installment due under the sale of the partnership interest.

In May 1985, Baughman was killed in an automobile accident thus terminating the partnership sales contract. Baughman's adult daughter, Dory Brown, was appointed administratrix of her mother's estate. Dory and her husband undertook the operation and maintenance of the motel. It quickly became apparent that the Browns and Sayles could not work together. As a result, Brown terminated Sayles' employment with Milton Inn. A dispute arose as to the legal effect of the alleged partnership contract. Brown filed the present action seeking a declaratory judgment, a temporary injunction forbidding Sayles from exercising management activities for the motel and an accounting of funds received and used during her brief tenure as a self-asserted partner. Sayles answered and filed a counterclaim making substantially the same prayers.

A rule nisi was issued on August 8, 1985, setting a hearing for September 5, 1985, for (1) issuance of an interlocutory injunction and (2) a consideration of the prayers for relief, including the declaration of rights. The hearing was held as scheduled on September 5 but the principal issue discussed by the parties and the trial court was the meaning and intent of the partnership contract between Baughman

and Sayles. Sayles appeared at the hearing with several witnesses who were prepared to offer evidence as to the understanding of Baughman and Sayles that a valid and existing partnership came into being at the time the document was signed. However, the trial court concluded that oral testimony was not needed to enable it to interpret and declare the tenor and intent of the document. Each party, however, was granted 32 days (until October 7, 1985) to file briefs, arguments, and affidavits prior to the court's decision. The court rendered its decision on October 28 (filed on October 30). The trial court declared that the document clearly and unequivocally established an agreement to enter into a partnership only after the condition precedent had been accomplished, i.e., when the full amount of $50,000 had been paid. Inasmuch as the accidental death of Baughman had made impossible the realization of the condition precedent, the partnership was never more than inchoate and the entire interest remained solely with Baughman and her estate. Sayles brings this appeal enumerating three asserted trial court errors. *Held*:

1. In her first enumeration of error, Sayles argues the trial court erred in granting Brown summary judgment. The basis of this enumeration is that the trial court failed to consider all the evidence showing that Baughman and Sayles intended a present, existing partnership. Sayles argues the statements uttered by Baughman clearly reflected she understood and believed that a partnership had been created when the contract was signed. Thus Sayles, while agreeing that Baughman's death terminated the contract, she (Sayles) is the surviving partner and had the right and duty to close the business of the partnership to the exclusion of Brown and her husband.

We do not disagree with the legal principles that, where ambiguous, contracts are to be construed according to the intention of the parties. That intent, where necessary to apply, is arrived at not only by the wording of the document but also as explained by the facts and circumstances surrounding the making of the contract. See *Consolidated Freightways Corp. v. Williams*, 139 Ga. App. 302 (228 SE2d 230).

However we, like the trial court, find no ambiguity in the wording of this contract for the sale of a partnership interest in a presently operating and wholly owned business. Even though Baughman orally referred to Sayles as a partner in the motel management, it is clear that what was intended by the document prior to the culmination of all payments, was that Sayles was to be involved in the management of the motel. She was to share in decisions concerning the business, to receive half the profits. But she also was to dedicate most, if not all those profits, toward payment of the $50,000, and was not to take the 50% of her profits to use at her discretion. Her compensation was in the form of a salary. We therefore concur with the trial court that the

agreement between Sayles and Baughman was an agreement to form and finalize a partnership when the condition precedent had been satisfied and not before. Thus the document was in fact a contract of employment but included an agreement to form a future contract. Had Baughman breached the contract through her own acts, then perhaps Sayles could have sued for damages. However, there was no breach but a termination by operation of law before the partnership was formed. See *Henry v. Moss*, 99 Ga. App. 623, 625 (109 SE2d 313).

This contract being unambiguous, was for construction by the trial court as a matter of law. *Henderson Mill, Ltd. v. McConnell*, 237 Ga. 807, 809 (229 SE2d 660). Neither this court nor the trial court is at liberty to revise a contract under the guise of construing it. *Smith v. Standard Oil Co.*, 227 Ga. 268 (1) (180 SE2d 691); *Stuckey v. Kahn*, 140 Ga. App. 602, 606 (231 SE2d 565).

The contract in this case called for a vesting of the partnership interest at the completion of the payment of the $50,000 and in an absence of a vesting of the partnership, a return of the prepayments short of the $50,000 at 10 percent. The trial court declared no partnership and a return of $7,300 principal plus $730 to Sayles. We are satisfied the trial court correctly declared the nature of the contract and the intent of the parties. There is no merit in this enumeration.

2. Sayles contends the trial court erred in granting Brown summary judgment without giving Sayles proper notice of that intent. Sayles contends that the rule nisi was to consider an interlocutory injunction and therefore she was given no notice nor had any opportunity to defend against a summary judgment.

We disagree. The rule nisi clearly stated that the trial court was to consider not only the interlocutory injunction but the merits of the prayer for declaratory judgment interpreting the contract. Both parties were aware that the court was going to consider evidence independent of the pleadings and thus convert the hearing into one for summary judgment. *Newsrack Supply v. Heinle*, 127 Ga. App. 843 (195 SE2d 193). Each party including Sayles was given 32 days in which to present affidavits, arguments, and briefs before the court passed upon the declaratory judgment request. In actual point of fact, the trial court did not enter its judgment until the passage of almost 60 days. Inasmuch as the record shows unequivocally that Sayles was granted well over 30 days' notice of the summary judgment action, this case does not fall victim to the failure of such notice as noted in *Jaynes v. Douglas*, 147 Ga. App. 678 (250 SE2d 14).

3. The last enumeration of error is rendered moot by the finding of this court that no partnership ever came into fruition. Thus it was not error to disallow Sayles the right to wind down the partnership business.

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED APRIL 15, 1986.

*David E. Barrett*, for appellant.
*Hugh W. Stone*, for appellee.