## SENTELL AND PURSELL *vs.* MITCHELL.

M. agreed with S. & P. to sell them a pair of mill stones, mill irons, and gearing, and to put up the machinery for $211, payable in installments at a future day. He delivered the mill stones and irons, but failed to do anything else, under the agreement. S. & P. retained the mill stones and irons. Before the future day, M. sued them on *an account*, for the mill stones, irons and gearing. *Held*, that the action lay, so far as the mill stones and irons were concerned.

Complaint, from Chattooga county. Tried before Judge CROOK, at March Term, 1859.

This was complaint on an account by William Mitchell against Joseph Sentell and Thomas Pursell, for two hundred and eleven dollars. The bill of particulars attached to the petition was as follows, viz:

Joseph Sentell & Thomas Pursell,          Dr.
　　　　　　To William Mitchell.
1856. To 1 pair mill rocks, mill irons and gearing,  $211.00

Sentell and Pursell vs. Mitchell.

The defendants pleaded the general issue, breach of warranty, and failure of consideration.

Upon the trial, plaintiff proved that defendants agreed to pay him two hundred and eleven dollars for the mill rocks, iron and gearing; that the plaintiff was to set up the machinery, and that defendents were to pay one hundred dollars on the 25th December, 1857, and the balance 25th December, 1858.

But the same witness who proved the above facts also testified that plaintiff had not complied with his part of the contract. Plaintiff further proved that the mill rocks and irons were worth forty or forty-five dollars, and that they went into the possession of defendants. Here plaintiff closed.

The action was commenced 7th February, 1857.

Defendants moved to dismiss the plaintiff's suit, on the grounds:

1st. That the contract was entire and mutual, and the plaint:ff not having performed his part thereof, could not maintain the action.

2d. That the action was prematurely commenced, no cause of action existing at the time the writ was filed, to-wit: 9th February, 1857; and the proof showing that the first installment was not due till 25th December, 1857.

The court refused the motion to dismiss, and defendants excepted.

Plaintiff then moved to amend his declaration, by inserting a quantum merit count; defendant objected to the amendment. The court granted leave to amend, and defendants excepted.

The jury found for the plaintiff twenty-five dollars.

Whereupon defendants tendered their bill of exceptions, assigning as error the decisions above excepted to.

JESSE A. GLENN, for plaintiff in error.

Sentell and Pursell vs. Mitchell.

WM. H. DABNEY, *contra.*

*By the Court.*—BENNING, J., delivering the opinion.

Was the court right in overruling the motion to dismiss the suit?

The suit was founded on an account—an account for goods sold and delivered—not on any special contract.

The proof showed that there was a special contract, and that the contract had been broken by Mitchell, the plaintiff in the action.     To be more particular, the proof showed that it was agreed by him and Sentell & Pursell, the defendants in the action, that he was to furnish them with a pair of mill stones, with mill irons and gearing, and was to put up the machinery; and that he was to do all this for $211, of which $100 was to be payable on the 25th December, 1857, and $111 on the 25th December, 1858.

The proof further showed that Mitchell had furnished the mill stones and mill irons, but had failed to do anything more under the agreement.

This being the state of the facts, Sentell & Pursell, had the right to return the mill stones and irons, and to repudiate the contract, or the right to retain the mill stones and irons, on paying for them what they were worth, and to sue Mitchell for the breach of his contract; but they had no right to retain the mill stones and irons without paying for them what they were worth.     They elected to retain the mill stones and irons.     Consequently, they became liable to pay Mitchell for them what they were reasonably worth, notwithstanding that he himself was guilty of a breach of the contract.     And if they were under this liability to him, it was of course his right to sue them on the liability.     And that is all that he has done.     His action is on this liability; not on the special contract.     It is an action for the price of the mill stones, mill irons and

gearing, as goods sold and delivered generally.    His proof establishes the sale and delivery of the mill stones and mill irons, but not of the gearing.    And, therefore, his proof makes out his case only to a partial extent; but to that extent it does make it out.    True, the count is one corresponding with the common *indebitatus* count for goods sold and delivered, and not with the common *quantum meruit* count; but the difference between these two counts is merely formal.

These things being so, it must be manifest that nothing drawn from the special contract could amount to an answer to the action.    And yet both grounds of the motion to dismiss the action were drawn from the contract.    They were, that by the contract, Mitchell was to do certain things which he had failed to do, and by the contract, no money was to be paid him until a day that had not arrived when he sued.    If he was not suing on the contract, but on a right derived from the conduct of the parties sued, in retaining his property, it is plain that neither of these things could be an answer to his suit.

We think, then, the court was right in overruling the motion to dismiss the action.

It is useless to consider the question as to the allowance of the amendment, the action being good without the amendment.

Judgment affirmed.