## 9686. COLLINS *et al.* v. FRAZIER.

1. Where an architect enters into a contract whereby he is to furnish plans and specifications, together with estimates of the cost, for the erection of a building, and one sum is to be paid for the entire service, this constitutes an entire contract (*Spalding County* v. *Chamberlin,* 130 *Ga.* 649, 61 S. E. 533); and if, after having furnished the plans and specifications, he should, without fault on the part of the other party or what would amount to the consent of that party, fail or refuse to furnish the estimates contracted for, this would constitute a breach of the contract, and he could not recover thereon for such part performance. *Ala. Gold Life Ins. Co.* v. *Garmany,* 74 *Ga.* 51. When there is such a breach the other party has a right to rescind the contract, on notification and return of what he has received, or he may at his pleasure abide by the contract and have a right of action to recover damages for the breach; but he can not do both. If, after such breach, he not only retains the articles received, but puts them to his own use, this is equivalent to an election to abide by the terms of the original contract, and he thereafter holds under those terms the articles actually received. *Harden* v. *Lang,* 110 *Ga.* 392 (36 S. E. 100).

2. Even when work to be performed under an indivisible contract has not been done according to its terms, yet if the service is received, and is of benefit to the party receiving it, he is liable in a sum equal to the

value of the service rendered and material furnished, and the party rendering the service and furnishing the material may recover such sum in a suit on a quantum meruit. *Ford* v. *Smith*, 25 *Ga.* 675; *Sentell* v. *Mitchell*, 28 *Ga.* 196; *Southern Railway Co.* v. *Branch*, 9 *Ga. App.* 311 (71 S. E. 696). In such a case the plaintiff must prove the value of his services, and the defendant may prove anything in proper reduction thereof. *Jacobus* v. *Wood*, 84 *Ga.* 638, 640 (10 S. E. 1099).

DECIDED JANUARY 15, 1919.

Certiorari; from Fulton superior court—Judge Bell. March 22, 1918.

C. E. Frazier brought suit in the municipal court of Atlanta against J. S. and C. R. Collins, alleging that he was an architect, and that the defendants employed him to prepare plans and specifications for a building to be erected by them, he agreeing to prepare the plans and specifications for a price that he would consider reasonable and that he thought would be satisfactory to the defendants; that about sixty days after the plans and specifications had been prepared and delivered to the defendants, he called on them for a payment, stating to them that his charge would be one and three-fourths per cent. of the cost of the building, and the defendants then paid him $100 on account. The petition as amended alleged that the defendants were indebted to him in the sum of $437, the building having cost approximately $25,000. He afterwards amended the petition by adding a count based on a quantum meruit. The defendants answered, setting up that they employed the plaintiff to prepare plans, specifications, and estimates, he agreeing to prepare the same regardless of price, and to make the price satisfactory to them; that the work was done in a very unsatisfactory manner, and they denied indebtedness. They subsequently amended their answer by setting up that the estimates which the plaintiff had agreed to prepare were not prepared according to contract, that the $100 paid to him was paid before they knew or had opportunity to know of the errors and mistakes in the estimates, and that, by reason of his failure to make the estimates with reasonable care and skill, he broke his contract and was not entitled to anything; and they prayed for a judgment against him for $100. The trial of the case resulted in a verdict in favor of the plaintiff for $250. The defendants sued out certiorari, the certiorari was overruled, and they excepted to that judgment.

*Paul S. Etheridge, Moore & Branch,* for plaintiffs in error.

*Robert C. & Philip H. Alston,* contra.

JENKINS, J. (After stating the foregoing facts.) It is insisted by the defendants that the trial court erred in refusing to charge the jury as follows: "If you believe, from the evidence, that the plaintiff was employed by defendants to prepare plans, specifications, and estimates, then I charge you that this would be an entire contract, and that unless the plaintiff in good faith and with reasonable care and skill performed all of the contract, then he cannot recover on any part of the contract." So far as appears from the evidence adduced upon the trial of this case, the plans and specifications furnished by the plaintiff conformed in every respect to the requirements of the contract; and while the defendants introduced testimony tending to show that the estimates furnished by the plaintiff were inaccurate, the undisputed evidence shows that the plans, specifications, and estimates as furnished were accepted, retained, and used by the defendants in the erection and completion of the building for which they were furnished, and that no complaint was made with reference thereto until the present suit was instituted. There was ample evidence to support the verdict; and, under the rulings stated in the headnotes, and the facts of this case, the court did not err in refusing to give to the jury the charge requested by the defendants. The ruling made by the Supreme Court in *Spalding County* v. *Chamberlin*, 130 *Ga.* 649, (61 S. E. 533), is not in conflict with the holding here made, since that case was not an action on a quantum meruit, where there was acceptance and use of a portion of the agreed service, but was a suit based upon contract, where no such fact of use and acceptance was shown.

The other exception, which is taken to the charge given, is governed by the same principle, and the charge is not subject to the criticism made.

*Judgment affirmed.* *Wade, C. J., and Luke, J., concur.*