## 11994.   MARIETTA PUBLISHING CO. *v.* TIMES PUBLISHING CO. *et al.*

Where money is paid on a contract which is executory on the part of him who receives the money, and the party so receiving fails to fulfil his part of the contract, the injured party may elect either to bring action on the contract and recover damages for nonperformance, or to consider the contract as rescinded and recover the money paid. This is especially true where the rescission of the contract and the recovery of the money paid would substantially restore both parties to the condition in which they were before the contract was made.

DECIDED MAY 2, 1921.

Action on contract; from Cobb superior court — Judge Blair. November 28, 1920.

The action was by the Marietta Publishing Company against the Times Publishing Company. The facts of the case are stated in the opinion of this court. The judgment of the court below was as follows: " The issue involved is as to the remedy sought. The petition alleges a breach of the contract, for which the petitioner had two remedies when the breach occurred, and will have a third remedy at the end of the current year should the breach still exist at that time. Rescission is not among the remedies indicated, and in the opinion of the court the plaintiff is not entitled to make the recovery sought in its present petition. The contract sought to be rescinded is the product of five parties, three of whom are not joined in this case. The three individuals to this contract have the sole right to make the ' official organ ' for Cobb County, and, without their concurring action in selecting the ' official organ ' of the county, neither the plaintiff nor the defendant can fill that position. The grantors are the individuals who are parties to this contract, while the parties to this case are their grantees. By this contract the plaintiff was selected for two years,

and the defendant for the next two years. The plaintiff's term has expired. Rescission generally applies to the whole contract. The defendant is ' official organ ' by virtue of the express agreement of the three officials in whom is vested the sole power ot naming the ' official organ.' If emphasis be needed, it may be found in the fourth paragraph of the agreement. The plaintiff's petition does not authorize an inference that the defendant has rescinded or is endeavoring to rescind. On the contrary, it was stated by counsel for the plaintiff, in the argument of the case, that the defendant has been acting as ' official organ ' of the county since the date fixed for it under the terms of said agreement, and is still acting in that capacity. While the petition shows a breach by the defendant to the plaintiff, it shows none to the other parties, and none in the discharge of its official duty under said agreement. In a word, defendant is discharging all its obligations under this agreement except paying the plaintiff. The plaintiff has adequate remedy to recover what is due it or what damage it has sustained, but not the right to rescind this contract. It is accordingly ordered that the defendant's general demurrers be sustained."

*N. A. Morris, Harold Hawkins,* for plaintiff.

*J. Z. Foster, Clay & Blair,* for defendant.

HILL, J. The ordinary, the sheriff, and the clerk of the superior court of Cobb county made a contract with two newspaper corporations located in the county, to publish the legal or official advertisements for the county for a term of four years, beginning in January, 1917. By the terms of the contract each one of the newspapers was designated as the official organ for the county for a term of two years, and was to receive the fees allowed by law for such service. One was to act for the first two years as the official organ in the publication of such advertisements, and the other as the official organ for the last two years. Both newspapers were to publish the legal or official advertisements for the entire four years of the contract. The newspaper that served as the official organ for the first two years was to collect all fees for the printing of the advertisements in question and pay to the other on the 10th of each month one half of the sum collected, and the other newspaper was to collect all fees for the printing of such advertisements during the last two years and pay to the other on the 10th of each month one half of the sum thus collected. On

48

February 17, 1920, the corporation publishing the newspaper which was the official organ for the first two years filed a petition alleging that it had fully complied with its obligations under the contract by publishing the advertisements and by collecting and paying over to the other newspaper one half of the fees so collected to which it was entitled. It alleged that the second newspaper had failed and refused to comply with the contract, by refusing to pay over to it one half of the fees collected by it for such advertisements, although the second newspaper had made the collections from the county officials for one year of the last two years of the contract and the plaintiff had fully performed its part of the contract by publishing the advertisements as it had agreed to do with the county officials. It alleged that this failure and refusal on the part of the second newspaper to comply with the contract and pay over to the plaintiff, on demand, its half of the fees so collected constituted an abandonment and repudiation of the contract by the second newspaper, and for this reason the suit was filed, to rescind the contract and to require repayment by the second newspaper of the sums paid to the second newspaper by the plaintiff during the first two years of the existence of the contract, which amounted to $582.49. While there were five parties to the contract, to wit, the two newspaper corporations and the three officials of the county, that part of the contract which referred to the division of the fees for the legal advertisements of the county was expressly made applicable only to the two newspaper corporations. The above is a substantial statement of the terms of the contract. On general demurrer the court dismissed the petition, and the case is here on exceptions to this judgment.

The learned trial judge, in his judgment sustaining the demurrer, places his decision on the ground that for the alleged breach of the contract the petitioner had two remedies when the breach occurred, and will have a third remedy at the end of the fourth year on showing a breach still existing at that time; that the allegations of the petition show that rescission of the contract was not the remedy; that the contract was the product of five parties, three of whom were not joined in this case, and that these officials were necessary parties, having a very substantial right under the contract, which was sought to be rescinded without their consent; that the rescission applied to a part of the contract, and

that the plaintiff did not have the right, under his allegations, to rescind the entire contract; that the allegations of the petition did not show that the defendant had repudiated the entire contract, but showed that the defendant was performing that part of its contract which related to the performance of its duty as the official organ of the county, and had only breached the contract in not paying to the plaintiff its half of the fees collected for the printing of the official advertisements of the county, and that for the breach in this respect the plaintiff had an adequate remedy by suit for what was due it, but did not have the right to rescind the contract.

This court is strongly impressed with the views of the trial judge, but does not concur in the conclusion that the allegation made by the petition, which the demurrer admits to be true, did not show a case for rescission. True, the general rule is that one of the parties to a contract can no more rescind the contract without the express or implied consent of the other parties than he could make it without the assent of such parties, and that rescission generally contemplates the mutual assent of all the parties to the rescission of the contract. But to this general rule there is an exception well recognized by the authorities, and this arises where one of the parties breaks his contract; and in such case the breach by one party may be treated by the other as an abandonment of the contract, authorizing the innocent party, if he chooses to do so, to disaffirm it. Thus by legal fiction the assent of both parties is sufficiently manifested. Such a case arises where money is paid on a contract which is executory on the part of him who receives the money and where the party who receives it altogether fails to fulfill his part of the contract; and the injured party has an election either to bring an action on the contract to recover damages for the nonperformance, or to consider the contract as rescinded and recover back the money paid. 6 R. C. L. 925, § 320. It is true, as stated by the trial judge, the plaintiff did have an election. He could sue the other newspaper corporation for the monthly breach of the contract, or wait until the expiration of the entire contract and sue for damages covering the entire peroid. But he had also the remedy of rescinding the contract and recovering back the money he had paid on it, because the defendant, the second newspaper corporation, had abandoned and repudiated that part

of the contract which fixed the rights and duties of the two newspaper corporations between themselves.

True, the party who wishes to rescind a contract because of the other's default must show that he has done all that he is required to do in order to entitle himself to the performance of it by the other party, and it is contended in this case, by the learned counsel for the defendant, that the allegations of the petition do not sufficiently show this. The substantial part of this contract as between the two newspapers—indeed, the root of the contract as between them — was the division of the fund collected from the county officials for the legal advertisements. This was the only mutual duty arising between the two. The plaintiff alleged that it had fully performed this part of the duty of collecting for the first two years and paying over to the defendant, the second newspaper, its full proportion of such collections. The contention of counsel for the defendant, that the plaintiff had not fully performed its part under the contract, in not giving monthly notices of collection as required by the contract, is in the nature of a speaking demurrer, for the allegation of the petition that it had paid all that the defendant was entitled to receive raises the fair inference that it had fully performed such minor conditions of the contract as to making the collections and giving the notices. The material part of the contract was the payment of that part of the fees to which the defendant was entitled. Under the facts as alleged, the clause of the contract relating to the division of the fees, which is really the only part as to which rescission is sought, can be rescinded without affecting the rights of the county under the contract. Indeed the allegation is that the defendant is fully performing its part with the county and making the publications during the period of the service to be performed by the second newspaper corporation in the publication of the advertisements of the county. The complaint is that for this work the plaintiff is not getting from the defendant that part of the fund which the defendant has collected and which it had agreed to divide equally with the plaintiff.

While the plaintiff had an election of remedies, we think that in the present case the remedy by rescission and the repayment to it of the money paid to the defendant for the first two years of the existence of the contract is more complete and adequate, because it in effect fully restores the status quo between the two newspapers.

It gives to the plaintiff a full remuneration for the performance of its duties in the publication of the official advertisements, and also gives to the defendant the full amount received for the last two years in the performance of the contract by both newspapers in the publication of the advertisements. This, it seems to us, is a much fairer adjustment of the differences existing between the two newspaper corporations, according to the principles of right and fair dealing, than to require the plaintiff to bring suit against the defaulting defendant, either monthly or at the end of the period of the contract; and this remedy can be fully given without in any manner affecting the rights, under the contract, of the other parties thereto, the county officials. The point is made that under the Civil Code (1910), § 4306, rescission cannot be made without the consent of the opposite party, for that party's nonperformance of the covenants of the contract, without restoring the condition in which both the parties were before the contract was made. We think this restoration of the previous condition of both parties will be more effectively made by rescission and by a judgment against the second newspaper corporation for the amount paid to it by the plaintiff during the first two years. Assuming the allegations of the petition to be true, as we must do in considering the demurrer, the plaintiff has fully performed its part of the contract, and nothing remains for the defendant to do, in so far as the plaintiff is concerned, except to pay to plaintiff one half of the fees collected for the legal advertisements; and when the defendant refused to do this on demand, it was equivalent to the repudiation and rescission of the contract, and gave the plaintiff the right, at its election, to rescind the contract and to recover back from the defendant the sum paid to it, under the terms of the contract, for the first two years. 6 R. C. L., 926-7-8, §§ 310-11-12; *Timmerman* v. *Stanley*, 123 *Ga.* 850 (51 S. E. 760, 1 L. R. A. (N. S.) 379); *Savannah Ice Delivery Co.* v. *American Refrigerator Transit Co.*, 110 *Ga.* 142 (35 S. E. 280); *Paxson* v. *Butterick Publishing Co.*, 136 *Ga.* 774 (71 S. E. 1105). For the reasons stated above, we think the trial judge erred in sustaining the general demurrer and dismissing the petition.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*