51728. MARTIN et al. v. ROLLINS, INC. et al.

MARSHALL, Judge.

The questions presented in this appeal are whether a contractor could rescind a construction contract and whether or not the owner, on whose property the construction was taking place, breached the contract. Both questions involve unresolved factual disputes, and summary judgment was properly denied.

The facts show that the landowner, Rollins, had entered into a construction contract with the appellant contractor to build a plant and warehouse for one of Rollins' subsidiary fabric operations. Before the construction was completed, but after the completion

deadline, Rollins entered into a sale-lease-back agreement with the Development Authority of Richmond County. Under this arrangement, Rollins became the lessee and the development authority became the fee simple titleholder of the property and its improvements. The development authority then entered into a trust indenture with First National Bank & Trust Company of Augusta, transferring the property to the bank as security for a $1.2 million bond issue to finance the acquisition of the project.

When the contractor learned of these transfers and agreements, which had taken place allegedly without its consent, it stopped construction for fear that continuing work would amount to a ratification of or acquiescence in the transactions. The contractor did not desire to acquiesce in the new arrangement because it felt that the transfer violated a nonassignment clause in its contract with Rollins, that Rollins would no longer be legally required to make payments under the contract and that its lien rights would be substantially impaired since the property now belonged to the development authority, a public corporation, exempt from liens. In fact, after the transaction, the contractor sent a routine request for progress payments to Rollins to which Rollins responded: "The financing of the construction of the plant facility in Augusta has been transferred to the Development Authority of Richmond County . . ." and that payment would be made by the authority from a trust fund at First National.

The contractor then brought this action against Rollins electing to treat the contract as rescinded and seeking quantum meruit for the value of work already performed for which it had not been paid. Rollins answered admitting selling the property to the development authority but contending that because of the lease-back agreement, it remained responsible for payments under the construction contract so that the contractor's position had not been jeopardized. Rollins alleged further that had the contractor completed performance on time in accordance with the extensions under the contract, the sale-lease-back agreement, which had been previously arranged, would have transpired

after the contract was no longer involved. Rollins also counterclaimed for damages caused by the contractor's alleged delays, defective construction, and cost of completion of the project.

The contractor moved for a partial summary judgment on its action in quantum meruit (partial because the fair value of the work performed remained a question of fact) and alternatively to dismiss Rollins' counterclaim. The trial court denied both motions and the contractor was granted an interlocutory review of that denial. *Held:*

We find no error in the denial of both the motion for partial summary judgment and the motion to dismiss Rollins' counterclaim. Interlocutory review was granted on the premise that both parties' contentions could be decided as a matter of law. However, Rollins has raised at least one disputed issue of material fact which requires resolution by the factfinder.

There is a question as to whether the contractor may rescind the contract. Rescission, without assent, is a permissible response of a party to a contract where the other party thereto has failed to perform his covenants and the parties can be restored to status quo. Code § 20-907. See *Cutcliffe v. Chesnut,* 122 Ga. App. 195 (2) (176 SE2d 607). "A breach of a contract as to a matter so substantial and fundamental as to defeat the object of the contract may authorize a rescission of the contract by the opposite party." *Sinclair Refining Co. v. Davis,* 47 Ga. App. 601 (171 SE 150). However, the right of a party to rescind a contract depends upon that party's not having breached the contract himself. "The party who seeks to rescind a contract because of the other's default must show that he has done all that he is required to do in order to entitle himself to a performance of it by the other party. Moreover, a party seeking to rescind must show that he was free from default in relation to the obligation which he claims the other party failed to perform. The right to rescind or terminate a contract on the ground of failure of performance by the opposite party belongs only to the party who is free from substantial default himself, and a party who has substantially broken the contract cannot rescind it on the ground that the other party subsequently

refused or failed to perform." 17 AmJur2d 979, Contracts, § 503. See *Clifton v. Dunn,* 208 Ga. 326 (4) (66 SE2d 735); *Fletcher v. Fletcher,* 158 Ga. 899 (4) (124 SE 722); *Marietta Pub. Co. v. Times Pub. Co.,* 26 Ga. App. 752, 757 (107 SE 270).

Rollins alleges that at the time the contractor attempted to rescind the contract, the contractor was himself in substantial breach of contract in that he had not completed performance on time and time was of the essence of the contract. The contractor on the other hand alleges that any delays in completion were caused by various acts of hinderance and interference by Rollins. The sequence of these alleged defaults is important, and if it is shown plainly that the contractor fell behind in their work performance *prior to the transfer of the land to another by Rollins,* then, Martin and Adams would have breached the contract first and forfeited their right to insist that the other party to the contract comply strictly with its terms. See *Warren v. Gray,* 90 Ga. App. 398 (83 SE2d 86); *Morgan v. Crowley,* 91 Ga. App. 58, 71 (8) (85 SE2d 40).

If the contractor's claims for quantum meruit are resolved in his favor under his complaint, then Rollins' counterclaim becomes an issue and it too presents factual questions to be resolved by the jury. Summary judgment was properly denied on both motions.

*Judgment affirmed. Pannell, P. J., concurs. Evans, J., concurs in the judgment only.*

ARGUED JANUARY 9, 1976 — DECIDED APRIL 28, 1976 — REHEARINGS DENIED MAY 17, 1976 — 

*Nixon, Yow, Waller & Capers, D. Field Yow, Paul H. Dunbar, III,* for appellants.

*Kaler, Karesh & Frankel, Jerry L. Sims, Samuel N. Frankel, Glenville Haldi,* for appellees.