31376. MARTIN et al. v. ROLLINS, INC. et al.

HILL, Justice.

This case is before this court on certiorari. The issue is: What remedy, if any, is available to a party to a contract who has not performed his contractual obligations as against the other party who has not performed his contractual obligations? The facts are fully set forth in the opinion of the Court of Appeals, *Martin v. Rollins, Inc.,* 138 Ga. App. 649 (226 SE2d 771) (1976). Essentially they are that Luther Martin and John Adams, trading as Martin & Adams Construction Company, building contractor, entered into a contract with Rollins, Inc., for the construction of a building. The contractor fell well behind the completion date provided in the contract. Rollins transferred title of the construction site to the Development Authority of Richmond County, a public corporation exempt from liens.

The contractor declared a rescission of the contract and filed suit seeking quantum meruit recovery for labor and materials. Rollins counterclaimed, alleged defective workmanship and sought damages for breach of contract. The trial court denied the contractor's motion for partial

summary judgment as to liability in quantum meruit and denied the contractor's motion to dismiss Rollins' counterclaim for damages. The Court of Appeals affirmed, finding issues of fact unresolved. We granted the contractor's petition for certiorari.

The contractor (and amici curiae) complain particularly of the following language in the opinion of the Court of Appeals: ". . . if it is shown plainly that the contractor fell behind in their work performance prior to the transfer of the land to another by Rollins, then, Martin and Adams would have breached the contract first and forfeited their right to insist that the other party to the contract comply strictly with its terms." *Martin,* supra, p. 652. The contractor urges that its delay in completion would not operate as a forfeiture of the right to insist that the owner comply with the contract (particularly where the parties contemplated and provided for delay in completion in the form of liquidated damages). The amici curiae urge that delay in completion of a construction contract should not be treated as a substantial breach of contract so as to authorize the owner to transfer the construction site to a lien-proof public entity or to a judgment-proof third party.

1. The nature of the action of rescission is well described generally in *Marietta Pub. Co. v. Times Pub. Co.,* 26 Ga. App. 752 (107 SE 270) (1921). Williston uses the more complete label of Rescission and Restitution, 12 Williston on Contracts (3d Ed.) Ch. 44 (1970).

Basically rescission is a remedy in which neither party is held liable in damages for breach of the contract, the contract is treated as no longer binding as between the parties, and the court proceeds to restore the status quo. *Decatur County v. Praytor &c. Contr. Co.,* 163 Ga. 929, 937 (137 SE 247) (1927); *Lytle v. Scottish American Mortg. Co.,* 122 Ga. 458 (3) (50 SE 402) (1905); see 12 Williston on Contracts (3d Ed.) § 1455 (1970); 5A Corbin on Contracts, § 1131 (1964).

The Georgia courts have refused to allow rescission when a plaintiff has materially breached the contract or when the plaintiff's nonperformance justified a defendant's subsequent nonperformance, unless some form of mutual assent by the parties is shown. See *Collins*

*v. Frazier,* 23 Ga. App. 236 (98 SE 188) (1918); *Marietta Pub. Co. v. Times Pub. Co.,* supra. Whether in this case the contractor's falling behind schedule was such a material breach of the contract so as to bar rescission depends on the resolution in the trial court of issues of fact concerning the causes and nature of the delayed performance, and its contribution, if any, to the alleged breach of the owner.

2. Moreover, recovery by a plaintiff who is in substantial breach of the contract (of the value of the benefit conferred on the other party) has long been allowed in Georgia courts, when the breach is not wilful or deliberate. *Ford v. Smith,* 25 Ga. 675 (1858); *Freeman v. Greenville Masonic Lodge,* 22 Ga. 184 (1857); *Sentell v. Mitchell,* 28 Ga. 196 (1919); *Collins v. Frazier,* 23 Ga. App. 236, supra; *Brumby v. Smith & Plaster Co.,* 123 Ga. App. 443 (181 SE2d 303) (1971); *Clark's Super Gas, Inc. v. Tri-State Systems, Inc.,* 133 Ga. App. 30 (209 SE2d 683) (1974). In *Ford v. Smith,* 25 Ga., supra, at 680, the court quoted the English rule as follows: "The rule is, that if the contract be not faithfully performed, the plaintiff shall be entitled only to recover the value of the work and material supplied." In *Sentell v. Mitchell,* supra, plaintiff contracted with defendant to furnish millstones, irons and gearing and assemble them; plaintiff furnished the materials but did not assemble the mill; plaintiff sued; the defendant pled the plaintiff's breach as a bar to recovery; the defense was overruled.

Because a remedy is afforded one who has not wilfully or deliberately failed to perform, although there has been no nonperformance by the other party, redress should be allowed a fortiori when the other party has also not performed. Restatement of Contracts § 357 (1932); Williston, supra, § 1468; 5A Corbin, supra, § 1122. A denial of remedy to a defaulting contractor would often work an excessive forfeiture on him, and it is unjust for the owner to profit, often greatly, even though his obligations under the contract have not become fixed. However, the contractor may still be liable in damages for his nonperformance. Dermott v. Jones, 64 U. S. (23 How.) 220 (1859), Restatement, supra, § 357 comment d; Williston, supra, § 1475; Corbin, supra, § 1125.

Therefore, the trial court did not err in overruling the

contractor's motion for summary judgment as to liability and motion to dismiss the owner's counterclaim for damages for breach of contract. Accordingly, the judgment of the Court of Appeals was correct.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 13, 1976 — DECIDED JANUARY 4, 1977.

*Nixon, Yow, Waller & Capers, D. Field Yow, Paul H. Dunbar, III,* for appellants.

*Kaler, Karesh & Frankel, Samuel N. Frankel, Jerry L. Sims,* for appellees.

*Smith, Currie & Hancock, Robert B. Ansley, Jr., Stokes & Shapiro, Larry S. McReynolds,* amici curiae.