### 33885. HEAD et al. v. WALKER.

PER CURIAM.

Plaintiff and defendants entered into a written agreement in February, 1968, whereby plaintiff conveyed all his property, real and personal, to one of the defendants, and the defendants agreed to pay plaintiff $2,500 and take care of plaintiff and his wife for life.[1] At the same time, plaintiff deeded his 50 acre farm in Carroll County to one of the defendants in exchange for the $2,500 payment.[2] It was understood that the defendant would care for plaintiff and his wife on the Carroll County farm. At the time this agreement was entered into, plaintiff was elderly and his wife had just had a leg amputated and was preparing to come home from the hospital.

Some time later plaintiff's wife died and still later defendant moved to Atlanta to be able to find work, offering to let plaintiff move with her. He declined to do so and filed suit in January, 1975. Defendants counterclaimed for an accounting of profits arising from plaintiff's use of the land, damages for personal property disposed of by plaintiff, damages for trespass, and ejectment of the plaintiff.[3]

---

[1]The defendants also agreed to pay off certain indebtedness on the property in the amount of $150, raising the actual consideration paid for the real property to $2,650.

[2]The parties to the agreement included Ida Head's two daughters, but the deed named only Ida Head as grantee. Ida Head is the primary defendant and future references to the defendants refer to her.

[3]Defendant-appellants complain that this suit was dismissed by plaintiff without notice to them contrary to Code Ann. § 81A-141(a). However, no ruling on any objection in this regard appears in this record which was harmful to the defendants. Plaintiff refiled his suit in four

The case as submitted to the jury in two counts sought rescission of the deed upon two theories, inceptive fraud (Code § 20-906) and material nonperformance (Code § 20-907). The jury returned a verdict in favor of the plaintiff for material nonperformance and awarded $15,150 to the defendants (which includes $2,650 plaintiff had tendered into court). In the judgment the court declared the deed canceled, ordered the funds held by the clerk to be paid to the defendants, and declared the unpaid balance of the award to the defendants to be a lien on plaintiff's restored property.

On appeal, defendants urge that rescission may be had for inceptive fraud but that rescission is not an available remedy for a subsequent breach of the contract. On the contrary, Code § 20-907 (which follows the "rescission for fraud" Code § 20-906) provides as follows: "In some cases a party may rescind, without the consent of the opposite party, for *nonperformance* by him of his covenants; but this can be done only when both parties can be restored to the condition in which they were before the contract was made." (Emphasis supplied.) See *Martin v. Rollins, Inc.*, 238 Ga. 119 (1) (231 SE2d 751) (1977); *Marietta Publishing Co. v. Times Publishing Co.*, 26 Ga. App. 752, 755 (107 SE 270) (1921). The contract was fully performed by plaintiff but was executory as to the defendants.

Plaintiff contends that the defendants' refusal to provide him with care at the place agreed upon, his home on the farm, constituted material nonperformance of the care and maintenance agreement sufficient to justify rescission. The jury was authorized to find for him upon this theory. As was said in *Dumas v. Dumas*, 205 Ga. 238 (1a) (52 SE2d 845) (1949): "The grantor may maintain an equitable action to rescind the contract [a deed] if the grantee is insolvent . . .; or where fraud is employed by the grantee in the procurement of the deed, or there are other special facts which would make rescission by the grantor an appropriate relief." (Citations omitted; matter in brackets added.) Although insolvency is frequently relied

counts in January, 1976, and the defendants refiled their counterclaim.

upon, breach of a contract for care and maintenance of the grantor upon the property conveyed presents such special facts as authorize rescission. The statement in *Brinson v. Hester,* 185 Ga. 761 (1) (196 SE 412) (1938), to the effect that the remedy for a *mere* failure to comply with a promise to care, maintain and support another is an action for damages, not a suit for cancellation, does not preclude an action for rescission on these facts. Defendants' contention that rescission can only be obtained for inceptive fraud is without merit. Code § 20-907, supra; see also Code § 37-207. The trial court's overruling of defendants' motion for directed verdict predicated on the absence of evidence of inceptive fraud was rendered moot by the jury's verdict.

The evidence does not disclose the date of the material nonperformance urged by plaintiff. Hence, those enumerations of error relating to laches, waiver, ratification and acceptance of benefits after knowledge of fraud, which defendants urge ran from the date of execution of the deed, cannot be found to be harmful error in view of the jury's verdict. The trial court did not err in overruling defendant's motion for directed verdict predicated on alleged unclean hands and defendants' request to charge upon this subject was not adjusted to the evidence. See Code § 37-112.

Defendants urge that plaintiff was not entitled to rescission because he did not tender the sums he received under the agreement. Although tardy (2 months after filing the second suit), he tendered the sum ($2,650) he received in consideration for the deed which he sought to have rescinded (and no objection to the order requiring this tardy tender was made at that time.)[4] He did not tender the value of the defendants' improvements to the land and of the services he received under the care and maintenance contract which included the deed as part of its consideration. He testified, however, that he had

---

[4]As to, the requirement of tender before the filing of suit, compare *Harton v. Federal Land Bank,* 187 Ga. 700 (1) (2 SE2d 62) (1939), with *Mayer v. Waterman,* 150 Ga. 613 (3) (104 SE 497) (1920). See also Code § 20-1105 and Restatement, Contracts § 481.

offered to start over, to give her back the money she had given him. Under the facts of this case we cannot say that the trial court erred in overruling defendants' motion for directed verdict based on inadequacy of tender nor in its instructions to the jury as to the requirements of waiver of tender or of tender of unliquidated amounts. *Reeves v. Callaway,* 140 Ga. 101, 106 (78 SE 717) (1913); *Pope v. Thompson,* 157 Ga. 891 (2) (122 SE 604) (1924); 2 Pomeroy's Equity Jurisprudence § 393b at pp. 81-83 (5th Ed. 1941).[5]

However, defendants urge that instead of decreeing rescission of the deed and making the balance found to be due them merely a lien upon the plaintiff's restored property, the trial court should have conditioned rescission upon restoration to defendants of the jury's award. We agree. Restoration should precede or accompany the decree of rescission rather than follow it. As Justice Lumpkin said in *Miller v. Cotten,* 5 Ga. 341, 356 (1848): ". . . it was proper that repayment should be made *before* Equity would decree a reconveyance." (Emphasis supplied.) Code § 37-105. Upon remand, the judgment is to be revised so as to condition the decree of rescission upon payment, within a reasonable time, to the defendants of the unpaid balance due under the jury's award.

*Judgment affirmed with direction. All the Justices concur.*

SUBMITTED AUGUST 4, 1978 — DECIDED JANUARY 23, 1979 — REHEARING DENIED FEBRUARY 14, 1979.

*Huie, Sterne & Ide, Terrence Lee Croft, Steven B. Kite,* for appellants.

---

[5]In the case of *Holcomb v. Approved Bancredit Corp.,* 225 Ga. 271 (167 SE2d 655) (1969), there was no tender of any amount, not even the amount there readily ascertained to be due on the indebtedness. See also *Pope v. Thompson,* supra. Here there was a tender of the consideration for the deed.

*Thomas E. Greer, Dewey Smith,* for appellee.