A89A1879. INTERNATIONAL SOFTWARE SOLUTIONS, INC. v. ATLANTA PRESSURE TREATED LUMBER COMPANY et al.
(390 SE2d 659)

BIRDSONG, Judge.

Appellant appeals the final judgment in favor of appellees/plaintiffs in the amount of $5,500 of the State Court of Fulton County.

Appellees filed suit in magistrate court averring in its statement of claim that it "seeks rescission of the contract, *to return the [computer] system to the [d]efendant*, and a refund of its money." (Emphasis supplied.) Appellant demanded trial by jury and the case was transferred to the state court. The trial court found inter alia that the parties had agreed appellant/defendant would sell and install a computer system for appellees; that the installed system never performed the function desired by appellees and agreed upon by the parties; that appellees were a small business with unique, but reasonable, computer system requirements; that the system sold and installed by appellants did not meet appellees' needs; and, that appellees paid appellant $5,500 for the computer system. The trial court concluded that appellant had breached the agreement by failing to deliver a computer that could meet appellees' needs, and that appellees had the statutory requirements of OCGA § 13-4-62 for rescission for nonperformance.

Appellant contends the trial court erred in concluding as a matter of law that appellees were entitled to rescission because "it is uncontroverted that the [a]ppellees at no time tendered, or offered to tender, to [a]ppellant the . . . computer system," and that the "computer system was retained by [a]ppellees even as of the date of trial."

Generally in this state, a party desiring to rescind a contract must, as a condition precedent to such rescission, restore or tender the benefits received under the contract. See generally *Acme Brewing*

*Co. v. Wm. Rahr Sons Co.*, 10 Ga. App. 564 (73 SE 955) (restitution before absolution), citing *Harden v. Lang*, 110 Ga. 392 (1) (36 SE 100); 26 EGL, Restitution, § 13; compare *Home Ins. Co. v. Swann*, 34 Ga. App. 19, 26 (128 SE 70) and *Collins v. Frazier*, 23 Ga. App. 236 (1) (98 SE 188).

"The rule that he who desires to rescind a contract must restore whatever he has received under it is one of *justice and equity . . .* and must be reasonably construed and applied. The object of the rule is theoretically to place the parties in *statu quo;* but the rule is equitable, not technical, and does not require more than that such restoration be made as is reasonably possible and such as the *merits of the case demand.*" (Emphasis supplied.) 17 AmJur2d 996, Contracts, § 512. It is apparent from a comparison of the plain language of OCGA §§ 13-4-60 with 13-4-62 that the latter statute, pertaining to rescission for nonperformance, embraces this basic concept. OCGA § 13-4-62 contains no express statutory requirement for restoration as a condition precedent to rescission for nonperformance, rather it authorizes such rescission "but only when both parties can be restored to the condition in which they were before the contract was made."

In *Smith v. McWhorter*, 173 Ga. 255, 273 (160 SE 250), the Supreme Court held that " '[o]ne rescinding [a] contract is not required to return consideration, when to do so would be unreasonable *or* impossible.' " (Emphasis supplied.) If the nonperforming party to the contract absents himself so that a restoration of the contract benefit gained cannot be timely made by the rescinding party, a suit for rescission may be maintained without a tender to the creditor in person, if the plaintiff offers to pay the money into court for him. *Smith,* supra at 274, citing *Berry v. Williams*, 141 Ga. 642 (81 SE 881). The evidence supports an inference that, after it became apparent that appellees were not satisfied with the equipment, appellant's agent acted in a manner making it *unreasonable,* within the meaning of *Smith,* supra, for appellees to return the computer system to appellant. Moreover, appellees' pleadings reflect its desire to return appellant's computer system, and in open court an express offer to do so was made by appellees' agent. Restoration does not require that the opposite party be placed in exact status quo, but only that he be placed *substantially* in his original position, and that the rescinding party shall derive no unconscionable advantage from the rescission. 26 EGL, supra at p. 21. We are satisfied the record before us shows that appellees' in-court offer of restoration of appellant's computer system met these tests.

Moreover, the transcript is replete with testimony from appellees' agent regarding a pattern of delaying conduct on the part of appellant's agent to repeatedly assert (even in his final conversation with appellees' attorney) that the computer system problem could be cor-

rected within a short period of time. The transcript also contains testimony from appellees' agent that after a certain point in time appellant's attorney refused to answer telephone messages and cancelled any further scheduled meetings. Construing this evidence most favorably to support the verdict and judgment as we are required to do on appeal, *Locke v. Vonalt*, 189 Ga. App. 783 (1) (377 SE2d 696), we find that the conduct of appellant's agent lulled appellees for a substantial period of time into believing that the deficiencies in the computer system could and would be timely corrected, and that by the time it became apparent to appellees that the deficiencies would not be corrected, appellant's agent had terminated further communications with the appellees. It is well settled that "[t]he law does not entitle one to profit by his own wrong." *State Hwy. Dept. v. Cobb Constr. Co.*, 111 Ga. App. 822, 827 (143 SE2d 500).

Furthermore, "[a] correct decision of the trial court will not be reversed, regardless of the reasons given therefor." *National Consultants v. Burt*, 186 Ga. App. 27, 33 (366 SE2d 344), writ vacated, 258 Ga. 645 (374 SE2d 532).

*Judgment affirmed on condition that the computer system be returned to appellant; otherwise, judgment is reversed. Deen, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 8, 1990.

*Robert E. Hall*, for appellant.
*Charles L. Jurjevich*, for appellees.