A05A0500. PANTUSCO v. WILEY et al.
(616 SE2d 901)

PHIPPS, Judge.

Frank Pantusco appeals the trial court's grant of summary judgment disposing of his counterclaim. Because Pantusco has failed to demonstrate that the trial court erred, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of

---

[14] (Citation omitted.) *Simmons v. State*, 271 Ga. App. 330, 332 (3) (609 SE2d 678) (2005).

law.[1] We review a trial court's grant of summary judgment de novo, viewing the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[2]

George Wiley and Jim Manowski sued their former employer, Georgia Attachment, Inc., claiming that the corporation owed them past due wages. Manowski further claimed that the corporation owed him past due payments on a loan he had extended to it. Wiley and Manowski also named Pantusco as a defendant, alleging that he was an officer, shareholder, and director of the corporation, that he had operated the corporation as his alter ego, and that he had diverted corporate assets to his personal use.

Default judgment was entered against the corporation. Pantusco answered and counterclaimed against Wiley and Manowski, alleging that they had converted corporate assets, breached fiduciary duties, and violated Georgia's RICO statute[3] — all to the corporation's detriment. In addition, Pantusco claimed he had personally lent money to the corporation, which it was unable to repay due to Wiley and Manowski's misconduct.

Wiley and Manowski sought summary judgment on Pantusco's counterclaim, arguing that all claims set forth therein were derivative of the corporation's rights; that the corporation's right to seek damages therefor had been extinguished by its failure to assert any such claim before the default judgment; and that Pantusco could not maintain an action in his own name to assert the corporation's rights. Opposing the motion, Pantusco pointed out that Wiley and Manowski's complaint alleged that he was the corporation's alter ego, that a finding of such fact is a determination that he and the corporation were one and the same, and that he thus should be allowed to assert the corporation's rights in his own name. Pantusco alternatively argued that if the court, on motion for summary judgment, determined that he was not the corporation's alter ego, then the basis of Wiley and Manowski's complaint against him was destroyed, and therefore the complaint should be dismissed as a matter of law.

In granting summary judgment to Wiley and Manowski on Pantusco's counterclaim, the trial court relied on *Phoenix Airline Services v. Metro Airlines*.[4] Therein, the Supreme Court of Georgia instructed that standing to sue individually, rather than derivatively on behalf of the corporation, requires a plaintiff to allege more than an injury resulting from a wrong to the corporation; the plaintiff must

---

[1] OCGA § 9-11-56 (c).

[2] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[3] OCGA § 16-4-1 et seq. (Georgia Racketeer Influenced and Corrupt Organizations Act).

[4] 260 Ga. 584 (397 SE2d 699) (1990).

show that he was injured "directly or independently of the corporation."[5] The trial court here determined that, although Pantusco had alleged such an injury, he had presented no evidence of it. Consequently, the trial court granted Wiley and Manowski's motion for summary judgment.

1. Pantusco maintains that, because a jury might find that he was the corporation's alter ego, he should have the right to assert directly the corporation's claims.

"Because the cardinal rule of corporate law is that a corporation possesses a legal existence separate and apart from that of its officers and shareholders, the mere operation of corporate business does not render [them] personally liable for corporate acts."[6] The concept of piercing the corporate veil is applied in Georgia "to remedy injustices which arise where such party has over extended his privilege in the use of a corporate entity in order to defeat justice, perpetuate fraud or to evade contractual or tort responsibility."[7] Under that concept, because such party has abused the corporate form, he cannot complain when an injured party does the same and sues him personally.[8]

Having failed to overcome Wiley and Manowski's motion for summary judgment with evidence that he was injured directly or independently of the corporation, Pantusco apparently invites us to adopt, as an alternative basis for establishing standing to sue individually, some variant concept of "piercing the corporate veil." He cites no authority for his proffered concept, and we find none.

The concept of piercing the corporate veil is based upon equitable principles.[9] As a general rule, a party cannot invoke the aid of equitable principles when he does not come into court with clean hands.[10] Yet, Pantusco seeks to assert his counterclaim based upon his alleged abuse of the corporate form, a proposition we reject.[11]

2. Pantusco contends that the trial court erred by not dismissing Wiley and Manowski's complaint. He argues that, by granting summary judgment to Wiley and Manowski on his counterclaim, the court necessarily made a determination that he was not the corporation's alter ego, thus destroying the basis of their complaint.

---

[5] Id. at 586 (1).

[6] *Amason v. Whitehead*, 186 Ga. App. 320, 322 (367 SE2d 107) (1988) (citation omitted); see also *Bone Constr. Co. v. Lewis*, 148 Ga. App. 61, 62-63 (4) (250 SE2d 851) (1978).

[7] *Amason*, supra at 321 (citation and punctuation omitted); see also *Bone Constr. Co.*, supra at 63 (4).

[8] *Bone Constr. Co.*, supra.

[9] *Amason*, supra.

[10] See *Head v. Walker*, 243 Ga. 108, 110 (252 SE2d 440) (1979); *Delcher Bros. Storage Co. v. Ward*, 134 Ga. App. 686, 688 (215 SE2d 516) (1975).

[11] See generally *Golden Pantry Food Stores v. Lay Bros., Inc.*, 266 Ga. App. 645, 649 (1) (597 SE2d 659) (2004).

Whether the trial court erred by not dismissing the complaint is not properly before this court. As Pantusco concedes, "[the trial court] did not even address this issue in its Order." Without a ruling in this regard, there is nothing for this court to review.[12]

3. Pantusco's remaining contentions are moot.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED JUNE 30, 2005.

*Barry L. Zimmerman*, for appellant.
*Robert H. McDonnell*, for appellees.

