McFADDEN, Judge,
dissenting.
I respectfully dissent. The trial court had jurisdiction to rule in this action. So I would decide the merits.
As detailed below, I would affirm the trial court’s denial of summary judgment to Thor Gallery on both Thor Gallery’s claims and Monger’s counterclaim. I also would affirm the trial court’s grant of summary judgment to Monger on Thor Gallery’s claims. Because a factual issue exists as to whether Monger was entitled to rescind the contract and recover its security deposit, however, I would reverse the trial court’s grant of summary judgment to Monger[3] on its counterclaim.
1. Trial court’s jurisdiction.
The majority correctly states that state courts do not have jurisdiction over cases in equity But not every case involving rescis *240 sion of a contract is a case in equity. “[A]n instrument may be voided by an action at law.” Walsh v. Campbell, 130 Ga. App. 194, 196 (202 SE2d 657) (1973). As our Supreme Court described in Brown v. Techdata Corp., 238 Ga. 622, 626-627 (234 SE2d 787) (1977), two types of rescission are available to parties to a contract: rescission in equity and rescission at law. And if a contract is rescinded at law, a party may seek in an action at law to recover the property which has been retained by the other party under the rescinded contract, Brown, 238 Ga. at 626-627, even though, as the majority states, the right to restoration of one’s property under a rescinded contract is an equitable right. See Jones v. Gaskins, 248 Ga. 510, 512 (1) (284 SE2d 398) (1981). See generally Dobbs, Handbook on the Law of Remedies, § 4.3, p. 255 (1973) (Where rescission at law is accomplished by the unilateral act of the plaintiff, that party must then bring suit to obtain restitution of his money, but “[i]n such a case there is no need for equity intervention!)] ”) • State courts have jurisdiction to entertain rescission claims that are legal in nature. Hann v. Harpers Boutiques Intl., 284 Ga. App. 531, 533 (2) (644 SE2d 337) (2007). See generally Medical Staffing Network v. Connors, 313 Ga. App. 645, 650-651 (3) (722 SE2d 370) (2012) (affirming state court decision that included finding that party had rescinded contract due to other parties’ nonperformance); Crowell v. Williams, 273 Ga. App. 676, 677-678 (3) (615 SE2d 797) (2005) (reversing state court decision that denied plaintiff’s attempt to recover money paid under contract that defendant had effectively rescinded due to plaintiff’s nonperformance); Intl. Software Solutions v. Atlanta Pressure Treated Lumber Co., 194 Ga. App. 441, 443 (390 SE2d 659) (1990) (affirming state court’s conclusion that plaintiff was entitled to rescission, for nonperformance, of contract and refund of money paid to defendant for computer system, conditioned upon plaintiff’s return of computer system to defendant).
Accordingly, the question of the state court’s jurisdiction in this case turns on whether the contract was rescinded at law or in equity A rescission at law occurs by the action of a party to the contract, typically by the tender of contractual benefits. See Brown, 238 Ga. at 626 (“[i]n the rescission ‘at law’ the tender itself effectuates the rescission”); see also Jesinoski v. Countrywide Home Loans, _ U. S. _, _ (135 SCt 790, 190 LE2d 650) (2015) (in rescission at law, party to contract effects rescission by returning what he received under contract); Sherzer v. Homestar Mtg. Svcs., 707 F3d 255, 261, n. 4 (3d Cir. 2013) (rescission at law “occurs automatically when parties have taken [a] requisite action”) (citation omitted). See generally Dobbs, Handbook on the Law of Remedies, § 4.3, p. 255 (1973) (in a rescission at law, “the plaintiff may unilaterally rescind against the will of the *241 defendant, assuming the plaintiff has good substantive grounds for doing so”). In contrast, a rescission in equity requires the action of a court to undo the contractual transaction. Brown, 238 Ga. at 627; see also Jesinoski, _ U. S. at _; Sherzer, 707 F3d at 261. See generally Dobbs, Handbook on the Law of Remedies § 4.8, pp. 292-294 (1973) (discussing role of court in rescission at law versus rescission in equity).
In its counterclaim and motion for summary judgment, Monger sought to rescind the lease for Thor Gallery’s nonperformance under OCGA § 13-4-62, which permits a party to take action to rescind a contract. That Code section provides that “[a] party may rescind a contract without the consent of the opposite party on the ground of nonperformance by that party but only when both parties can be restored to the condition in which they were before the contract was made.” OCGA § 13-4-62 (emphasis supplied). The record shows that both parties could be restored to the condition in which they were before the contract was made. And a party may invoke its right to rescind under this Code section in a court proceeding. See Intl. Software Solutions, 194 Ga. App. at 442.
Nevertheless, as the majority points out, Monger made no tender to Thor Gallery of benefits that it had received under the contract. It was impossible for Monger to make a tender of benefits such as money or possession of the premises to Thor Gallery, because Thor Gallery had not given any such benefits to Monger under the lease. By opting to rescind rather than seek to recover under the lease, however, Monger did relinquish its ability to hold Thor Gallery to its obligations thereunder. Moreover, we have held:
Where money is paid on a contract which is executory on the part of him who receives the money, and the party so receiving fails to fulfill his part of the contract, the injured party may elect either to bring action on the contract and recover damages for nonperformance, or to consider the contract as rescinded and recover the money paid.
Cutcliffe v. Chesnut, 122 Ga. App. 195, 202 (2) (176 SE2d 607) (1970) (citation and punctuation omitted; emphasis supplied). And our courts have recognized exceptions to the requirement that a party offer restoration in order to rescind a contract under OCGA § 13-4-62 “where nothing of any value is received by the party seeking to rescind” or “where the amount received under the contract sought to be rescinded may be less than the amount actually due the party seeking to rescind.” 2010-1 SFG Venture LLC v. Lee Bank & Trust Co., 332 Ga. App. 894, 905 (3) (a) (775 SE2d 243) (2015) (citation omitted). *242 A rescission may be at law even though tender is not possible for one of these reasons. See Dobbs, Handbook on the Law of Remedies, § 4.8, p. 295 (1973).
The majority cites Walsh v. Campbell, supra, 130 Ga. App. 194, for the proposition that state courts “can exercise jurisdiction over certain cases involving rescission where no affirmative equitable relief is asserted.” Maj. op. at 237. The Walsh decision does not hold, however, that a case is one in equity rather than at law simply because the plaintiff seeks to recover property retained by the other party under a rescinded contract. Such a holding would conflict with our Supreme Court’s holding in Brown. See Brown, 238 Ga. at 626.
For these reasons, Monger’s rescission of the lease for nonperformance under OCGA § 13-4-62 was a rescission at law. Consequently, the trial court had jurisdiction over this case, and we must address the merits of Thor Gallery’s appeal from the state court’s ruling.
2. Summary judgment.
In her order, the trial court denied Thor Gallery’s motion for summary judgment (which had addressed both Thor Gallery’s claims and Monger’s counterclaim), granted Monger’s motion for summary judgment (which had also addressed both parties’ claims), held that the lease was rescinded, and ordered Thor Gallery to return Monger’s security deposit. Summary judgment is appropriate where “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law[.]”OCGA § 9-ll-56(c). “On a motion for summary judgment the plaintiff [or counterclaim plaintiff], as movant, has the burden of establishing the absence or non-existence of any defense raised by the defendant [or counterclaim defendant]." Greenstein v. Bank of the Ozarks, 326 Ga. App. 648, 649 (1) (757 SE2d 254) (2014) (citation and punctuation omitted). This court “review[s] a grant or denial of summary judgment de novo and construe [s] the evidence in the light most favorable to the nonmovant. Because this [dissent] addresses cross-motions for summary judgment, [I] will construe the facts in favor of the nonmoving party as appropriate.” Krieger v. Bonds, 333 Ga. App. 19, 20 (775 SE2d 264) (2015) (citation and punctuation omitted).
(a) Thor Gallery’s claims.
In its action against Monger, Thor Gallery alleged that Monger breached the lease by failing to take possession of the premises and failing to pay rent as it became due, and it alleged that individual defendant Sampson Monger breached a personal guaranty to pay Monger’s rent. The trial court denied Thor Gallery’s motion for *243 summary judgment and granted Monger’s motion for summary judgment on these claims. I find no error, because the evidence shows that Thor Gallery did not comply with the lease requirement that it provide Monger with notice of and an opportunity to cure any defaults.
The lease pertinently provides that Monger’s failure to make a rent payment or to observe or perform any other term or condition of the lease constitutes a default and permits Thor Gallery to seek remedies under the lease, unless such failure is cured within a specified period “after [Thor Gallery] has sent notice of such failure to [Monger].” The lease requires that
every notice or demand given by either party to the other ... shall be in writing and .. . shall be served personally or by a courier service that provides a signed delivery receipt, or United States registered or certified mail, return receipt requested, postage prepaid, addressed, if to [t]enant, at the address first set forth in this [l]ease[.]
To the extent the requirements of these provisions are ambiguous, they must be construed against the drafter, Thor Gallery. Zions First Nat. Bank v. Macke, 316 Ga. App. 744, 753 (4) (a) (730 SE2d 462) (2012).
The record contains two letters that Thor Gallery sent by certified mail to Monger. First, a March 19, 2014 letter instructed Monger to “take notice” of three things: (1) that possession of the premises was ready to be delivered to Monger but that such delivery had been delayed because Thor Gallery had not received from Monger certain insurance policies required under the lease; (2) that Thor Gallery could not continue to delay the commencement of the lease while waiting to receive the insurance policies, and therefore deemed the “Lease Commencement Date,” as defined in the lease, to be March 19, 2014; and (3) that if Monger “continue[s] to fail to comply with the [l]ease as described above, [Monger] will be in default of the [l]ease and [Thor Gallery] will seek all applicable remedies under the [l]ease.” (Emphasis supplied.) Notably, this letter identified Monger’s noncompliance as a failure to provide insurance policies, not as a failure to take possession of the premises or a failure to pay rent. Moreover, the letter expressly stated that Monger “will be” in default if it continued to fail to comply with the insurance policy requirement, implying that at the time Monger was not in default. The March 19, 2014 letter was not sufficiently specific to constitute notice under the lease of Thor Gallery’s claim that Monger defaulted by failing to take possession of the premises and failing to make rent payments.
*244 Second, a July 11, 2014 letter purported to notify Monger that it was in default for failing to provide Thor Gallery with insurance policies and failing to pay rent as it became due and payable. This letter also failed to provide notice of the specific breaches upon which Thor Gallery bases this action. As with the earlier letter, this letter identified Monger’s noncompliance as a failure to provide insurance policies, not as a failure to take possession of the premises, and the ambiguity arising from this lack of precision must be construed against Thor Gallery See Zions First Nat. Bank, 316 Ga. App. at 753 (4) (a). While the letter did identify Monger’s failure to pay rent as a ground for default, in fact at that time Monger was not in breach of any provisions regarding rent payment, as Thor Gallery subsequently conceded, because Monger’s obligation to pay rent under the lease had not yet begun.
Because there is no evidence that Thor Gallery provided Monger with notice of and an opportunity to cure the breaches it alleges in its complaint, as required by the lease, the trial court did not err in denying summary judgment to Thor Gallery and granting summary judgment to Monger on Thor Gallery’s breach of contract and breach of guaranty claims. See Zions First Nat. Bank, 316 Ga. App. at 753 (4) (a) (holding that party must comply with notice and cure provisions before seeking remedy for default under contract).
(b) Monger’s counterclaim.
In its counterclaim, among other things, Monger alleged that Thor Gallery had not performed obligations under the lease and asked to recover its security deposit. In its summary judgment motion, Monger argued that it was entitled to this remedy under OCGA § 13-4-62, which permits a party to a contract to “rescind [the] contract without the consent of the opposite party on the ground of nonperformance by that party but only when both parties can be restored to the condition in which they were before the contract was made.” However, “Georgia courts have refused to allow rescission when a [party seeking rescission] has materially breached the contract or when [that party’s] nonperformance justified [the other party’s] subsequent nonperformance[.]” Martin v. Rollins, Inc., 238 Ga. 119, 120 (1) (231 SE2d 751) (1977) (citations omitted). As detailed below, there exist genuine issues of material fact about whether both Thor Gallery and Monger failed to perform under the lease. These facts preclude summary judgment to either party on Monger’s counterclaim. Accordingly, the trial court correctly denied summary judgment to Thor Gallery on the counterclaim but erred in granting summary judgment to Monger.
(i) Thor Gallery’s alleged nonperformance. Monger argues that Thor Gallery failed to perform under the lease because it did not give *245 Monger notice of and opportunity to cure defaults and because it charged Monger rent but did not deliver possession of the premises.
As to notice (as discussed above in Division 2 (a) of this dissent), the evidence shows that Thor Gallery did not provide Monger with the required notice of and opportunity to cure the alleged defaults. While this nonperformance precluded Thor Gallery’s claims against Monger, it did not authorize Monger to rescind the lease under OCGA § 13-4-62 because the nonperformance was not “so substantial and fundamental as to defeat the object of the contract.” Yi v. Li, 313 Ga. App. 273, 277 (721 SE2d 144) (2011) (citation and punctuation omitted).
As to delivery of possession of the premises, Thor Gallery argues that it was excused from this obligation because Monger did not obtain the insurance coverage required under the lease. The lease provisions relevant to these arguments provided: (1) that Thor Gallery could begin charging rent the earlier of the date Monger opened for business to the public or 150 days after the “Lease Commencement Date”; (2) that the “Lease Commencement Date” occurred when possession of the premises was delivered to Monger; (3) that Monger “shall deliver” to Thor Gallery certain documents pertaining to insurance “prior to the [‘] Lease Commencement Date[’]”; and (4) that Thor Gallery could invoke the “Lease Commencement Date” while delaying delivery of possession of the premises if the delay arose “from the acts or omissions of [Monger] or of any person or entity acting on behalf of, or at the direction of, [Monger].”
I am not convinced by Thor Gallery’s argument that these provisions established Monger’s delivery of the insurance documents as a condition precedent to Thor Gallery’s delivery of the premises. Compare Yi, 313 Ga. App. at 277 (provision expressly conditioning closing in purchase of ice cream store franchise upon obtaining franchisor’s consent was a condition precedent to the transaction). To the extent delivery of the insurance documents was a condition precedent to anything, it was a condition precedent to the “Lease Commencement Date,” which under the lease was usually but not always the same date as the date of delivery of possession of the premises. And Thor Gallery waived that condition precedent when it deemed the “Lease Commencement Date” to be March 19, 2014, even though it had not received the insurance documents. (See discussion of March 19, 2014 letter in Division 2 (a) of this dissent.) See Dental One Assoc. v. JKR Realty Assoc., 269 Ga. 616, 618 (2) (501 SE2d 497) (1998) (party can waive condition precedent).
Nevertheless, the above referenced lease provisions, taken together, permitted Thor Gallery to invoke the “Lease Commencement Date” and charge Monger rent despite failing to deliver possession of *246 the premises to Monger if the failure to deliver possession of the premises arose from Monger’s acts or omissions. And a fact question exists as to whether Thor Gallery’s failure to deliver possession of the premises arose from Monger’s acts or omissions. Thor Gallery has presented evidence that it did not deliver possession of the premises to Monger because Monger had not obtained the insurance required by the lease. Monger has presented evidence that such insurance was unavailable, but it offers no explanation as to why the insurance was unavailable. The evidence does not reveal whether or not the insurance was unavailable due to some act or omission of Monger. Consequently, Monger has not met its burden, as counterclaim plaintiff, of showing that there is evidence demanding a judgment that Thor Gallery failed to perform an obligation to deliver possession of the premises.
Decided July 15, 2016.
Wiles & Wiles, John J. Wiles, Victor W. Newmark, for appellant.
Wagner, Johnston & Rosenthal, Kenneth I. Sokolov, for appellees.
(ii) Monger’s alleged nonperformance. Even if Thor Gallery did not perform its obligation to deliver possession of the premises under the lease, Monger cannot recover under OCGA § 13-4-62 if Monger also materially breached the lease or acted in a way that justified Thor Gallery’s nonperformance. See Martin, 238 Ga. at 120 (1). Thor Gallery argues that Monger did not perform its obligations under the lease to obtain insurance and to provide Thor Gallery with certain construction permits, plans, and specifications. Monger has presented evidence that it could not satisfy these obligations because the required insurance was unavailable (the fact of which Monger informed Thor Gallery before Thor Gallery signed the lease) and because, without possession of the premises, it could not procure the required construction documents. Fact questions remain as to whether this unavailability rendered performance of the condition impossible such that the condition was void under OCGA § 13-3-5. Additionally, whether Monger’s failure to obtain insurance and construction documents under the circumstances “was such a material breach of the [lease] so as to bar rescission depends on the resolution ... of issues of fact concerning the causes and nature of the [failure], and its contribution, if any, to the alleged breach of [Thor Gallery].” Martin, 238 Ga. at 121 (1). Accordingly, neither party is entitled to summary judgment on the counterclaim.

 For convenience, in this dissent I treat the appellees as a single party and adopt the majority’s collective use of the term “Monger” to describe them. I note that Thor Gallery brought this action against three defendants: the two entities that entered into the lease and an individual, Sampson Monger, who signed a personal guaranty of the lease.